IN THE COURT OF APPEALS OF THE STATE OF IDAHO
Docket No. 42242

| CHRISTOPHER A. PENTICO, | ) | 2015 Opinion No. 63 |
|---|---|---|
| | ) | |
| Petitioner-Appellant, | ) | Filed: October 7, 2015 |
| | ) | |
| v. | ) | Stephen W. Kenyon, Clerk |
| | ) | |
| STATE OF IDAHO, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County. Hon. Michael R. McLaughlin, District Judge. Hon. Kevin Swain, Magistrate.

Order of the district court, on intermediate appeal from the magistrate, affirming summary dismissal of petition for post-conviction relief, <u>affirmed</u>.

Alan E. Trimming, Ada County Public Defender; Heidi M. Johnson, Deputy Appellate Public Defender, Boise, for appellant. Heidi M. Johnson argued.

Hon. Lawrence G. Wasden, Attorney General; Kenneth K. Jorgensen, Deputy Attorney General, Boise, for respondent. Kenneth K. Jorgensen argued.

---

MELANSON, Chief Judge

Christopher A. Pentico appeals from the district court's order on intermediate appeal affirming the magistrate's summary dismissal of Pentico's petition for post-conviction relief. For the reasons set forth below, we affirm.

## I.

## FACTS AND PROCEDURE

Beginning in 2007, the Idaho Capitol Building closed to the public for renovation and the Governor's office was temporarily moved to the third floor of the nearby Borah Building. On March 25, 2008, an officer stopped Pentico on state property, in the vicinity of the Capitol

1

Annex, and informed Pentico that he was no longer authorized to be at the Capitol Annex, the third and fourth floors of the Borah Building, or the department of education.

On April 2, 2008, Pentico visited the Governor's office on the third floor of the Borah Building. After Pentico left the Borah Building, he was cited for trespass in violation of I.C. § 18-7011.[1] Months later, the state filed an amended complaint charging Pentico with trespass in violation of I.C. § 18-7008.[2] Pentico was found guilty of trespass and appealed. The district court and this Court both affirmed Pentico's judgment of conviction. *See State v. Pentico*, 151 Idaho 906, 265 P.3d 519 (Ct. App. 2012). Pentico filed a petition for post-conviction relief claiming ineffective assistance of trial counsel and asserting that I.C. § 18-7008(A)(8) is unconstitutional. The magistrate dismissed Pentico's petition. Pentico appealed to the district court, which affirmed. Pentico again appeals.

## II.

## STANDARD OF REVIEW

For an appeal from the district court, sitting in its appellate capacity over a case from the magistrate division, this Court's standard of review is the same as expressed by the Idaho Supreme Court. The Supreme Court reviews the magistrate record to determine whether there is substantial and competent evidence to support the magistrate's findings of fact and whether the magistrate's conclusions of law follow from those findings. *Pelayo v. Pelayo*, 154 Idaho 855, 858-59, 303 P.2d 214, 217-18 (2013). If those findings are so supported and the conclusions following therefrom, and if the district court affirmed the magistrate's decision, we affirm the district court's decision as a matter of procedure. *Id*. Thus, the appellate courts do not review

---

[1] Idaho Code Section 18-7011 deals with property enclosed by fences or posted with no trespassing signs.

[2] Idaho Code Section 18-7008(A) describes acts that constitute a trespass. Subsection (8) provides a trespass is committed by:

> Every person, except under landlord-tenant relationship, who, being first notified in writing, or verbally by the owner or authorized agent or the owner of real property, to immediately depart from the same and who refuses to so depart, or who, without permission or invitation, returns and enters said property within a year, after being so notified.

the decision of the magistrate. *Bailey v. Bailey*, 153 Idaho 526, 529, 284 P.3d 970, 973 (2012). Rather, we are procedurally bound to affirm or dismiss the decisions of the district court. *Id.*

A petition for post-conviction relief initiates a proceeding that is civil in nature. I.C. § 19-4907; *Rhoades v. State*, 148 Idaho 247, 249, 220 P.3d 1066, 1068 (2009); *State v. Bearshield*, 104 Idaho 676, 678, 662 P.2d 548, 550 (1983); *Murray v. State*, 121 Idaho 918, 921, 828 P.2d 1323, 1326 (Ct. App. 1992). Like a plaintiff in a civil action, the petitioner must prove by a preponderance of evidence the allegations upon which the request for post-conviction relief is based. *Goodwin v. State*, 138 Idaho 269, 271, 61 P.3d 626, 628 (Ct. App. 2002). A petition for post-conviction relief differs from a complaint in an ordinary civil action. *Dunlap v. State*, 141 Idaho 50, 56, 106 P.3d 376, 382 (2004). A petition must contain much more than a short and plain statement of the claim that would suffice for a complaint under I.R.C.P. 8(a)(1). Rather, a petition for post-conviction relief must be verified with respect to facts within the personal knowledge of the petitioner, and affidavits, records, or other evidence supporting its allegations must be attached or the petition must state why such supporting evidence is not included with the petition. I.C. § 19-4903. In other words, the petition must present or be accompanied by admissible evidence supporting its allegations or the petition will be subject to dismissal. *Wolf v. State*, 152 Idaho 64, 67, 266 P.3d 1169, 1172 (Ct. App. 2011).

Idaho Code Section 19-4906 authorizes summary dismissal of a petition for post-conviction relief, either pursuant to a motion by a party or upon the court's own initiative, if it appears from the pleadings, depositions, answers to interrogatories, and admissions and agreements of fact, together with any affidavits submitted, that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. When considering summary dismissal, the district court must construe disputed facts in the petitioner's favor, but the court is not required to accept either the petitioner's mere conclusory allegations, unsupported by admissible evidence, or the petitioner's conclusions of law. *Roman v. State*, 125 Idaho 644, 647, 873 P.2d 898, 901 (Ct. App. 1994); *Baruth v. Gardner*, 110 Idaho 156, 159, 715 P.2d 369, 372 (Ct. App. 1986). Moreover, the district court, as the trier of fact, is not constrained to draw inferences in favor of the party opposing the motion for summary disposition; rather, the district court is free to arrive at the most probable inferences to be drawn from uncontroverted evidence. *Hayes v. State*, 146 Idaho 353, 355, 195 P.3d 712, 714 (Ct. App. 2008). Such

inferences will not be disturbed on appeal if the uncontroverted evidence is sufficient to justify them. *Id.*

Claims may be summarily dismissed if the petitioner's allegations are clearly disproven by the record of the criminal proceedings, if the petitioner has not presented evidence making a prima facie case as to each essential element of the claims, or if the petitioner's allegations do not justify relief as a matter of law. *Kelly v. State*, 149 Idaho 517, 521, 236 P.3d 1277, 1281 (2010); *DeRushé v. State,* 146 Idaho 599, 603, 200 P.3d 1148, 1152 (2009). Thus, summary dismissal of a claim for post-conviction relief is appropriate when the court can conclude, as a matter of law, that the petitioner is not entitled to relief even with all disputed facts construed in the petitioner's favor. For this reason, summary dismissal of a post-conviction petition may be appropriate even when the state does not controvert the petitioner's evidence. *See Roman*, 125 Idaho at 647, 873 P.2d at 901.

Conversely, if the petition, affidavits, and other evidence supporting the petition allege facts that, if true, would entitle the petitioner to relief, the post-conviction claim may not be summarily dismissed. *Charboneau v. State*, 140 Idaho 789, 792, 102 P.3d 1108, 1111 (2004); *Sheahan v. State*, 146 Idaho 101, 104, 190 P.3d 920, 923 (Ct. App. 2008). If a genuine issue of material fact is presented, an evidentiary hearing must be conducted to resolve the factual issues. *Goodwin*, 138 Idaho at 272, 61 P.3d at 629.

On appeal from an order of summary dismissal, we apply the same standards utilized by the trial courts and examine whether the petitioner's admissible evidence asserts facts which, if true, would entitle the petitioner to relief. *Ridgley v. State*, 148 Idaho 671, 675, 227 P.3d 925, 929 (2010); *Sheahan*, 146 Idaho at 104, 190 P.3d at 923. Over questions of law, we exercise free review. *Rhoades*, 148 Idaho at 250, 220 P.3d at 1069; *Downing v. State*, 136 Idaho 367, 370, 33 P.3d 841, 844 (Ct. App. 2001).

### III.

### ANALYSIS

#### A.    Due Process

Pentico argues that any application of I.C. § 18-7008(A)(8) to a citizen ordered to leave property that is otherwise held open to the public violates the Due Process Clause of both the United States and Idaho Constitutions. The Due Process Clauses of the United States and Idaho

4

Constitutions forbid the government from depriving an individual of life, liberty, or property without due process of law. U.S. CONST. amend. XIV; IDAHO CONST. art. I, § 13. To determine whether an individual's due process rights under the Fourteenth Amendment have been violated, courts must engage in a two-step analysis. *Bradbury v. Idaho Judicial Council*, 136 Idaho 63, 72-73, 28 P.3d 1006, 1015-16 (2001). The Court must first decide whether the individual's threatened interest is a liberty or property interest under the Fourteenth Amendment. *Id*. Only after a court finds a liberty or property interest will it reach the next step of analysis in which it determines what process is due. *Id*. The United States Supreme Court has held that the right to petition government for a redress of grievance is a liberty interest intimately connected to the First Amendment. *United Mine Workers of America, Dist. 12 v. Illinois State Bar Ass'n*, 389 U.S. 217, 222 (1967). Thus, the threshold issue here is whether Pentico has shown that I.C. § 18-7008(A)(8) infringes upon a citizen's First Amendment rights.

In *Virginia v. Hicks*, 539 U.S. 113 (2003), a defendant was given notice not to return to an area that he argued was a public forum. After returning to the area, he was arrested and charged with trespass. The Supreme Court held, regarding the provision under which Hicks was arrested:

> Even assuming the [streets of the area] are a public forum, the notice-barment rule subjects to arrest those who reenter after trespassing and after being warned not to return--*regardless* of whether, upon their return they seek to engage in speech. Neither the basis for the barment sanction (the prior trespass) nor its purpose (preventing future trespasses) has anything to do with the First Amendment. Punishing its violation by a person who wishes to engage in free speech no more implicates the First Amendment than would the punishment of a person who has (pursuant to lawful regulation) been banned from a public park for vandalizing it, and who ignores the ban in order to take part in a political demonstration. Here, as there, it is Hicks' nonexpressive *conduct*--his entry in violation of the notice-barment rule--not his speech, for which he is punished as a trespasser.

*Id.* at 123.

In this case, Pentico has provided evidence that he was attempting to exercise his First Amendment rights on April 2, 2008, when he was cited for trespassing. However, following the reasoning from *Hicks*, we hold that it was Pentico's nonexpressive conduct--his entry into the third floor of the Borah Building after receiving notice that he was no longer authorized to be there--not his speech, for which he was punished as a trespasser. Accordingly, Pentico's First

5

Amendment rights were not infringed when he was charged with trespass for entering the third floor of the Borah Building to petition the government for redress of his grievances.

Pentico also challenges the constitutionality of the officer's March 25 action in which he was asked to leave and was provided notice that he was being excluded from the various governmental properties. However, the record contains no admissible evidence that Pentico was excluded *because* he attempted to exercise his First Amendment rights. This is so, in part, because the magistrate granted Pentico's motion in limine, prohibiting references to other crimes, wrongs, or acts of Pentico. On a portion of a video recording, the officer referred (outside of Pentico's presence) to Pentico as having been "harassing people at the Governor's office." This part of the recording was disregarded by the magistrate at Pentico's request. At Pentico's sentencing, there were references to Pentico having been involved in causing a disturbance at the department of education and that he had recently become persistent in contacting members of the Governor's staff regarding his issue with the department of education. Pentico claimed at oral argument on this appeal that the inadequate record was due to a failure by the state in the underlying criminal case. However, Pentico misunderstands the difference between the burdens in the underlying criminal case versus the burdens in this post-conviction case. This Court has held that, in a post-conviction case, the petition must present or be accompanied by admissible evidence supporting its allegations or the petition will be subject to dismissal. *Wolf*, 152 Idaho at 67, 266 P.3d at 1172. If the underlying criminal case failed to provide admissible evidence to support Pentico's petition for post-conviction relief, Pentico could have used the tools of discovery to obtain the necessary evidence. Specifically, Pentico could have deposed the officer who notified him that he was banned from the various properties to determine whether he was banned *because* he attempted to exercise his First Amendment rights. Without the deposition of the officer or some other evidence to indicate why Pentico was excluded from the governmental properties, this Court cannot determine that Pentico had a liberty interest which was infringed by the officer's March 25 action. Thus, Pentico has failed to show that he was deprived of due process when he was excluded from the various governmental properties or when he was charged with trespass when he returned to petition the government for redress of his grievances.

**B.      Ineffective Assistance of Counsel**

Pentico's petition for post-conviction relief asserted his trial counsel's performance was deficient for failing to argue that Pentico's March 25 encounter was unconstitutional and, thus, could not trigger a lawful one-year exclusion.  A claim of ineffective assistance of counsel may properly be brought under the post-conviction procedure act.  *Murray*, 121 Idaho at 924-25, 828 P.2d at 1329-30.  To prevail on an ineffective assistance of counsel claim, the defendant must show that the attorney's performance was deficient and that the defendant was prejudiced by the deficiency.  *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984); *Hassett v. State*, 127 Idaho 313, 316, 900 P.2d 221, 224 (Ct. App. 1995).  To establish a deficiency, the petitioner has the burden of showing that the attorney's representation fell below an objective standard of reasonableness.  *Aragon v. State*, 114 Idaho 758, 760, 760 P.2d 1174, 1176 (1988).  To establish prejudice, the petitioner must show a reasonable probability that, but for the attorney's deficient performance, the outcome of the trial would have been different.  *Id.* at 761, 760 P.2d at 1177. This Court has long adhered to the proposition that tactical or strategic decisions of trial counsel will not be second-guessed on appeal unless those decisions are based on inadequate preparation, ignorance of relevant law, or other shortcomings capable of objective evaluation.  *Howard v. State*, 126 Idaho 231, 233, 880 P.2d 261, 263 (Ct. App. 1994).

In support of his petition for post-conviction relief, Pentico submitted affidavits from his counsel on direct appeal, his trial counsel, and himself.  Pentico asserted that the three affidavits established ineffective assistance of counsel.  The magistrate summarily dismissed Pentico's ineffective assistance of counsel claim, holding that Pentico failed to meet his burden of establishing a genuine issue of material fact.  In the affidavit of Pentico's counsel on direct appeal, the attorney expressed his opinion that Pentico's trial counsel was ineffective.  The standard for whether an attorney's performance was deficient is an *objective* standard.  *See id*. The affidavit provided by Pentico's appellate counsel, while informative, only provides one attorney's subjective belief that Pentico's trial counsel's performance was deficient.  This affidavit did not, in itself, establish a genuine issue of material fact.

In the affidavit of Petinco's trial counsel, trial counsel explained that he "never really connected to the concept that the trip to the Governor's office on April 2, 2008, could not itself be criminalized if the original 'request to leave' on March 25, 2008, was itself unconstitutional."

This statement provides some evidence that Pentico's trial counsel's performance may have been deficient. However, there are other indications in the record, including Pentico's affidavit, that Pentico's trial counsel understood the relevant law and discussed with Pentico the possibility that his April 2 acts would not be criminalized if the March 25 request was unconstitutional. Even if we assume his trial counsel's performance was deficient, Pentico has failed to show that he was prejudiced by trial counsel's deficient performance. Pentico bears the burden of showing that, but for his trial counsel's deficient performance, the outcome of the trial would have been different. *See Aragon*, 114 Idaho at 760, 760 P.2d at 1176.

On appeal, Pentico argues that the "unrebutted facts" show that he would have prevailed on a claim that the government's actions on March 25 violated his rights. Specifically, Pentico argues that the one-year exclusion was an unconstitutional prior restraint of his First Amendment right to free speech. Thus, according to Pentico, had his counsel challenged the March 25 "ask to leave," he would have prevailed. Accordingly, Pentico argues that he was prejudiced by his counsel's failure to challenge the constitutionality of the government's actions on March 25.

The First Amendment prohibits the government from restricting a person's expression because of its message, ideas, subject matter, or content. *United States v. Alvarez*, ___ U.S.___, ___, 132 S. Ct. 2537, 2543 (2012). Reasonable time, place, and manner restrictions are allowed if justified without reference to the content of regulated speech. *R.A.V. v. City of St. Paul*, 505 U.S. 377, 386 (1992). Idaho's trespass statute is capable of constitutional application to government-owned nonpublic forums, such as government office buildings, that are not open to the public for expressive activities. *See State v. Pentico*, 151 Idaho 906, 913, 265 P.3d 519, 526 (Ct. App. 2011).

Pentico's claim of ineffective assistance of counsel fails for the same reason as his due process claim--he has failed to show that he was excluded because of his exercise of his First Amendment right. In order for Pentico to succeed in arguing that the government's actions on March 25 were a violation of his First Amendment rights, it would have been necessary for Pentico's trial counsel to prove that the restriction from the governmental buildings was based on the content of Pentico's speech. If Pentico's trial counsel successfully established that the restriction was content-based, the restriction would have been "presumed invalid" and the state would have had the burden of showing constitutionality. *Alvarez*, ___ U.S. at ___, 132 S. Ct. at

8

2543-44. There is no evidence that Pentico's trial counsel would have been successful in meeting his initial burden of proving that the exclusion was based on the content of his speech. On March 25, Pentico was told that he was excluded from the government buildings as a result of his behavior, not the content of his speech. In his affidavit, Pentico explained that he was told that his "behavior was making people nervous and uncomfortable." Accordingly, Pentico has failed to show that there is a reasonable probability that the outcome of his trial would have been different, but for trial counsel's deficient performance, because Pentico's trial counsel would have been unable to prove that Pentico was excluded from the governmental buildings because of the content of his speech. Therefore, were we to assume deficient performance by Pentico's trial counsel, Pentico has not shown that he was prejudiced by the deficient performance.

## IV.

## CONCLUSION

Pentico has not shown that I.C. § 18-7008(8) violates the Due Process Clauses of the United States or Idaho Constitutions. In addition, Pentico has failed to show that he was prejudiced by his trial counsel's performance. Therefore, we affirm the district court's order on intermediate appeal affirming the magistrate's summary dismissal of Pentico's petition for post-conviction relief. No costs or attorney fees are awarded on appeal.

Judge GRATTON and Judge Pro Tem LANSING, **CONCUR**.

9