**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 43077**

| | | |
|---|---|---|
| **STATE OF IDAHO,** | ) | **2016 Opinion No. 12** |
| | ) | |
| **Plaintiff-Respondent,** | ) | **Filed:  February 23, 2016** |
| | ) | |
| v. | ) | **Stephen W. Kenyon, Clerk** |
| | ) | |
| **JAMES W. CLARK,** | ) | |
| | ) | |
| **Defendant-Appellant.** | ) | |
| | ) | |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County.  Hon. Gerald F. Schroeder, District Judge.  Hon. Kevin Swain, Magistrate.

Order of the district court, on intermediate appeal from the magistrate division, affirming the magistrate court's judgment of conviction for misdemeanor trespass, <u>reversed</u>.

Alan Trimming, Ada County Public Defender; Adam C. Kimball, Deputy Ada County Public Defender, Boise, for appellant.  Adam C. Kimball argued.

Hon. Lawrence G. Wasden, Attorney General; Ted S. Tollefson, Deputy Attorney General, Boise, for respondent.  Ted S. Tollefson argued.

_____

LANSING, Judge Pro Tem

James W. Clark appeals from the district court's decision affirming his judgment of conviction in magistrate court for trespassing in the offices of the Idaho Industrial Commission. Clark asserts, among other things, that the judgment must be reversed because it is predicated upon state actions that deprived him of constitutional rights without due process.  We reverse.

## I.

## BACKGROUND

Clark was injured at work and filed a claim with the Idaho Industrial Commission in 2008.  On August 28, 2012, the director of the Commission sent Clark a letter stating:

> In light of the repeated disruptive arguments and confrontations you have exhibited toward employees of the Idaho Industrial Commission while on Commission property, you are hereby notified that you are, effective immediately,

1

**barred from entering into or upon property occupied by the Idaho Industrial Commission**.

Unless this bar is lifted earlier, your entry upon Commission property or into facilities occupied by the Commission at any time during the next twelve (12) months will constitute a trespass under the provisions of Idaho Code § 18-7008, paragraph 8. The penalty for misdemeanor trespass can be up to six (6) months in jail, a $1,000 fine, or both.

On August 27, 2013, the director sent Clark an identical letter excluding him from Commission property for another year. On April 4, 2014, Clark entered the Commission's office. The customer service representative at the front desk directed Clark to leave and threatened to call the police if he did not. Clark refused to leave, and the representative called the police.

Clark was charged with misdemeanor trespass, Idaho Code § 18-7008(8), for violating the most recent exclusion order.[1] After the close of the State's evidence, he moved for a judgment of acquittal under Idaho Criminal Rule 29. He asserted there was insufficient evidence that the director was authorized under I.C. § 18-7008(8) to issue the orders excluding him from the Industrial Commission premises because the exclusion orders infringed on his fundamental right to petition the government for redress of grievances without affording him due process. The magistrate found there was sufficient evidence that the director was authorized and denied the motion. A jury found Clark guilty, and the magistrate entered judgment. Clark appealed to the district court, which affirmed the judgment of conviction.

On further appeal, Clark asserts the district court's affirmance was erroneous because the exclusion order on which his prosecution was predicated infringed his fundamental right to petition the government for redress of grievances without affording him any due process by which to challenge the order. He further asserts that because of this constitutional flaw in the order, the Commission director was not authorized to issue the order under I.C. § 18-7008. Finally, he asserts there was insufficient evidence to support the verdict because the customer service representative's testimony conflicted with the responding officer's testimony.

---

[1] Idaho Code Section 18-7008(8) defines trespasser, in part, as:

Every person, except under landlord-tenant relationship, who, being first notified in writing, or verbally by the owner or authorized agent of the owner of real property, to immediately depart from the same and who refuses to so depart, or who, without permission or invitation, returns and enters said property within a year, after being so notified.

## II.

## ANALYSIS

When reviewing a decision of a district court sitting in its appellate capacity, we do not review the decision of the magistrate court. *Bailey v. Bailey*, 153 Idaho 526, 529, 284 P.3d 970, 973 (2012). Rather, we are procedurally bound to affirm or reverse the decisions of the district court. *State v. Korn*, 148 Idaho 413, 415 n.1, 224 P.3d 480, 482 n.1 (2009). Thus, we examine whether the district court correctly affirmed the magistrate court's denial of Clark's Rule 29 motion.

When reviewing a trial court's ruling on a motion for a judgment of acquittal, an appellate court must determine whether the evidence was sufficient to sustain a conviction of the crime charged. *State v. Fields*, 127 Idaho 904, 912-13, 908 P.2d 1211, 1219-20 (1995). Appellate review of the sufficiency of the evidence is limited in scope. A finding of guilt will not be overturned on appeal where there is substantial evidence upon which a reasonable trier of fact could have found that the prosecution sustained its burden of proving the essential elements of a crime beyond a reasonable doubt. *State v. Herrera-Brito*, 131 Idaho 383, 385, 957 P.2d 1099, 1101 (Ct. App. 1998); *State v. Knutson*, 121 Idaho 101, 104, 822 P.2d 998, 1001 (Ct. App. 1991). We will not substitute our view for that of the trier of fact as to the credibility of the witnesses, the weight to be given to the testimony, and the reasonable inferences to be drawn from the evidence. *Knutson*, 121 Idaho at 104, 822 P.2d at 1001; *State v. Decker*, 108 Idaho 683, 684, 701 P.2d 303, 304 (Ct. App. 1985). In addition, we consider the evidence in the light most favorable to the prosecution. *Herrera-Brito*, 131 Idaho at 385, 957 P.2d at 1101; *Knutson*, 121 Idaho at 104, 822 P.2d at 1001.

Clark first asserts the district court erred in denying his I.C.R. 29 motion because the trespass charge was predicated upon exclusion orders that infringed his fundamental right to petition the government for redress of grievances without affording him any process by which he could challenge the orders. Where a defendant claims that his or her right to due process was violated, we defer to the trial court's findings of fact, if supported by substantial evidence, but we freely review the application of constitutional principles to those facts found. *State v. Smith*, 135 Idaho 712, 720, 23 P.3d 786, 794 (Ct. App. 2001).

The Due Process Clauses of the United States Constitution and Idaho Constitution forbid the State from depriving any person of life, liberty, or property without due process of law. U.S. CONST. amend. XIV, § 1; IDAHO CONST. art. I, § 13. Due process requires the State to provide

3

"notice and opportunity for hearing appropriate to the nature of the case" before the government takes a person's property or liberty interest. *Armstrong v. Manzo*, 380 U.S. 545, 550 (1965) (quoting *Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306, 313 (1950)). Thus, "[a] fundamental requirement of due process is 'the opportunity to be heard' . . . at a meaningful time and in a meaningful manner." *Id.* at 552 (quoting *Grannis v. Ordean*, 234 U.S. 385, 394 (1914)); *see also State v. Bettwieser*, 143 Idaho 582, 588, 149 P.3d 857, 863 (Ct. App. 2006).

To determine whether a state action violated an individual's procedural due process rights, courts examine: (1) whether the state action deprived the individual of a liberty or property interest; and (2) if so, what process was due in view of the nature of the deprivation. *Logan v. Zimmerman Brush Co.*, 455 U.S. 422, 428 (1982); *Bradbury v. Idaho Judicial Council*, 136 Idaho 63, 72-73, 28 P.3d 1006, 1015-16 (2001); *Pentico v. State*, 159 Idaho 350, 355, 360 P.3d 359, 364 (Ct. App. 2015).

Some rights protected by the First Amendment, including the right to petition the government for a redress of grievances, qualify as protected liberty interests. In *United Mine Workers of Am., Dist. 12 v. Illinois State Bar Ass'n*, 389 U.S. 217 (1967), the United States Supreme Court stated:

> We start with the premise that the rights to assemble peaceably and to petition for a redress [of] grievances are among the most precious of the liberties safeguarded by the Bill of Rights. These rights, moreover, are intimately connected both in origin and in purpose, with the other First Amendment rights of free speech and free press. "All these, though not identical, are inseparable." The First Amendment would, however, be a hollow promise if it left government free to destroy or erode its guarantees by indirect restraints so long as no law is passed that prohibits free speech, press, petition, or assembly as such. We have therefore repeatedly held that laws which actually affect the exercise of these vital rights cannot be sustained merely because they were enacted for the purpose of dealing with some evil within the State's legislative competence, or even because the laws do in fact provide a helpful means of dealing with such an evil.

*Id*. at 222 (citations omitted).

Here, the exclusion orders precluded Clark from entering the Commission's offices for two years, preventing him from making an in-person petition at the Commission's offices. Several courts have found infringement of a protected liberty interest where a governmental entity's order excluded an individual from public property that was otherwise open to the public and thereby interfered with the individual's exercise of a fundamental right. *See Johnson v. Perry*, ___ F. Supp. 3d ___ (D. Conn. Oct. 21, 2015) (appeal pending) (public school's order

4

excluding parent from school events interfered with parent's exercise of right to make decisions about the care, custody, and control of his child and did not provide him with any means to appeal the order); *Cyr v. Addison Rutland Supervisory Union*, 955 F. Supp. 2d 290, 297 (D. Vt. 2013) (public school's order that excluded parent from school board meetings interfered with parent's exercise of speech rights and did not provide parent with any means to challenge the order); *Dunkel v. Elkins*, 325 F. Supp. 1235, 1246-47 (D. Md. 1971) (public university's order that excluded visitor from campus interfered with visitor's exercise of speech rights and provided no means to appeal); *Watson v. Bd. of Regents of Univ. of Colorado*, 512 P.2d 1162, 1165 (Colo. 1973) (public university's order that banned nonstudent from campus interfered with the individual's exercise of First Amendment rights and provided no method for appeal).

Consistent with that analysis, courts of at least two jurisdictions have reversed criminal convictions for trespass where a public entity's order excluding the defendant from public property interfered with the defendant's exercise of a constitutional or statutory right and did not allow for an appeal of the order. In *State v. Koenig*, 242 P.3d 649 (Or. Ct. App. 2010), the defendant was arrested upon entering the county public services building after the sheriff's office had issued an order excluding him from the building. He was charged under a trespass statute that barred people from entering "premises that are open to the public after being *lawfully directed* not to enter the premises." *Id.* at 655 (quoting O.R.S. § 164.205(3)(c)). The court held that the defendant had "a protected liberty interest in petitioning his government for redress of grievances and that that interest was constrained by the notice of exclusion." *Id.* at 656. The exclusion order was held to be unlawful because the defendant was not provided with any process by which to challenge it. *Id.* at 655. That is, there were no procedures to "safeguard his liberty interest against the risk of erroneous deprivation." *Id.* at 657. Because there was insufficient evidence showing that there existed a lawful order directing the defendant not to enter the public services building, the appellate court held that the trial court erred in denying the defendant's motion for a judgment of acquittal. *Id.*

Likewise, in *State v. Green*, 239 P.3d 1130 (Wash. Ct. App. 2010) the Washington court reversed the trespass conviction of a parent who had violated a public school's order excluding the parent from her child's school. The court found the conviction unlawful because the exclusion order infringed the parent's statutory right to observe her child's school activities and did not provide any means for an appeal from the order. *Id.* at 1137.

5

This case is strikingly similar to *Koenig*. Like the defendant there, Clark possessed a liberty interest in petitioning his government for a redress of grievances that was infringed by excluding him from the premises of a public agency, and he neither received a pre-deprivation hearing nor was notified of a procedure for appealing the exclusion order.

The State contends that *Koenig* is distinguishable because, unlike the Oregon statute, I.C. § 18-7008(8) does not specify as an element of the offense that the exclusion order must be "lawful." We disagree. It would hardly comport with constitutional standards to allow an individual to be criminally convicted for violating an unconstitutional order. A person may not be convicted of trespass for failing to comply with an exclusion order from a public agency that violates that person's right to due process. *Cf. State v. Bishop*, 146 Idaho 804, 817, 203 P.3d 1203, 1216 (2009) (an individual who peacefully obstructs or refuses to obey an officer's unlawful directive does not thereby violate statute proscribing resisting and obstructing a public officer); *State v. Gamma*, 143 Idaho 751, 754, 152 P.3d 622, 625 (Ct. App. 2006) (where an individual refuses to obey order or obstructs act of public officer that is contrary to the law, that individual does not violate statute proscribing resisting and obstructing a public officer); *State v. Wilkerson*, 114 Idaho 174, 178, 755 P.2d 471, 475 (Ct. App. 1988) (a person cannot be convicted of a crime for failing to obey police officer's command if that command itself violates the Constitution).

The State also argues that the Commission could exclude Clark from state property without an opportunity to be heard because in *State v. Korsen*, 138 Idaho 706, 69 P.3d 126 (2003) (*abrogated on other grounds by Evans v. Michigan*, ___ U.S. ___, 133 S. Ct. 1069 (2013)), the Idaho Supreme Court held that I.C. § 18-7008 does not require property owners to identify a reason for issuing an exclusion order. According to the State, if a property owner, including a government agency, can issue an exclusion order without an identified reason, the recipient of the order can have no basis to appeal, and an opportunity to be heard is unnecessary. The State's argument is without merit. The referenced statements in *Korsen* addressed the *statutory elements* of trespass under I.C. § 18-7008, not due process limitations on state action. *Id.* at 716, 69 P.3d at 136.[2] Because the right to due process is constitutional, state statutes

---

[2] Because Korsen was convicted of trespass for refusing to leave a state office when his conduct became disruptive--not for violating a prospectively operating exclusion order--the due process issue presented here could not even arise in the *Korsen* case.

6

cannot define its parameters. *See Mathews v. Eldridge*, 424 U.S. 319, 334-35 (1976); *Matthews v. Jones*, 147 Idaho 224, 231, 207 P.3d 200, 207 (Ct. App. 2009). Indeed, the *Korsen* court acknowledged that if "a criminal trespass prosecution is filed pursuant to I.C. § 18-7008(8) against a person on public property who is exercising his or her free speech rights, the statute could be attacked as applied to that constitutionally-protected conduct." *Korsen*, 138 Idaho at 715-16, 69 P.3d 135-36.[3]

To determine what process is due in light of the nature of a deprivation of liberty or property, courts use the test enunciated in *Mathews*, which requires courts to balance

> [f]irst, the private interest that will be affected by the official action; second, the risk of erroneous deprivation of such interest through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards; and finally, the Government's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail.

*Mathews*, 424 U.S. at 335.

Here, Clark's fundamental right to petition for redress of grievances was infringed, and the Commission did not provide *any* process by which Clark could challenge the exclusion orders. Further, the provision of some means by which the orders could be challenged by Clark would not entail financial or administrative burdens of any significance, for the process need not be an in-person evidentiary hearing. The case authorities cited above suggest that an opportunity to challenge an exclusion order in writing before or promptly after the effective date of the order may suffice to safeguard against the erroneous deprivation of individuals' liberty interests, which would not impose undue fiscal or administrative burdens on public agencies. *See Dunkel*, 325 F. Supp. at 1246; *Watson*, 512 P.2d at 1165; *Green*, 239 P.3d at 1137-38. Accordingly, we conclude that the Commission's exclusion orders violated Clark's right to due process because they infringed a liberty interest without affording any procedure to safeguard against the risk of erroneous deprivation.

We recognize that the liberty restraint claimed by Clark--preventing him from physically entering the Commission's premises to personally petition for redress of grievances--was minimal. He retained the ability to petition the Commission by telephone, email or letter, or

---

[3]    Our decision here is also not dictated by *Pentico v. State*, 159 Idaho 350, 360 P.3d 359 (Ct. App. 2015), as the disposition of that case turned upon the petitioner's burden of proof in a post-conviction action.

even to speak personally with a member of the Commission or one of its employees outside of the office.[4] Nevertheless, to hold that Clark was entitled to *no* due process would give public agencies *carte blanche* to arbitrarily and without justification (and even with malicious or retaliatory purposes) infringe a fundamental right by excluding individuals from premises that are otherwise open to the general public. And through successive orders, this exclusion could be made lifelong. Consequently, we hold that when an order singles out an individual for exclusion from premises of a public agency that are otherwise open to the public, and thereby infringes on the individual's fundamental rights, the agency must afford the individual a process for challenging the order and inform the individual of this process.

The undisputed evidence here shows that the Commission's exclusion order infringed Clark's right to petition for redress of grievances without due process. Therefore, there was insufficient evidence to sustain a conviction of misdemeanor trespass because the evidence shows that the charge was predicated upon an unconstitutional order. It follows that the district court erred in affirming the magistrate court's judgment of conviction.

We need not address Clark's other claims because his procedural due process claim is dispositive. The district court's decision affirming Clark's judgment of conviction for misdemeanor trespass is reversed.

Judge GUTIERREZ and Judge HUSKEY **CONCUR**.

---

[4] It is not contended that Clark had any active case then pending before the Commission that the exclusion order affected.