**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 44057**

| | | |
|---|---|---|
| **JOHN EDWARDS,** | ) | **2017 Unpublished Opinion No. 370** |
| | ) | |
| **Plaintiff-Appellant,** | ) | **Filed: February 17, 2017** |
| | ) | |
| v. | ) | **Stephen W. Kenyon, Clerk** |
| | ) | |
| **JOSHUA MILLS,** | ) | **THIS IS AN UNPUBLISHED** |
| | ) | **OPINION AND SHALL NOT** |
| **Defendant-Respondent.** | ) | **BE CITED AS AUTHORITY** |
| | ) | |

Appeal from the District Court of the Third Judicial District, State of Idaho, Canyon County. Hon. Christopher S. Nye, District Judge.

Judgment dismissing complaint, <u>affirmed</u>.

John Edwards, Caldwell, pro se appellant.

Hamilton, Michaelson & Hilty, LLP; Maren Ericson, Nampa, for respondent.

_____

GUTIERREZ, Judge

John Edwards appeals from the district court's judgment dismissing Edwards' complaint against Joshua Mills. Edwards specifically maintains he was denied due process of the law. For the reasons explained below, we affirm the district court.

**I.**

**FACTUAL AND PROCEDURAL BACKGROUND**

For several years, the Animal Control Department of the city of Caldwell has had ongoing issues with Edwards due to his conduct in city parks. Edwards has apparently interfered with animal control officers who were attempting to trap cats. Additionally, Edwards threatened the safety of other park visitors by driving dangerously. The city of Caldwell recreation superintendent served a notice on Edwards, notifying him that pursuant to Idaho Code Section 18-7008(A)(8), Edwards was no longer permitted to visit the city parks. Idaho Code

1

Section 18-7008(A)(8) makes criminal the continued presence of an individual on property that belongs to another after being notified to depart from the property by the owner or agent.[1]

Edwards questioned the validity of the trespass notice, so the Caldwell city prosecutor, Joshua Mills, wrote a letter to Edwards explaining the history of misconduct and the need for the trespass notice. In response, Edwards filed a complaint against Mills. Edwards titled the complaint as a "Restraint Order of Notice of No Trespass." Mills filed a motion to dismiss for failure to state a claim upon which relief may be granted pursuant to Idaho Rule of Civil Procedure 12(b)(6).[2] At a hearing on the motion, the district court informed Edwards that because the city was the owner of the property, the city was lawfully permitted by statute to order Edwards to not enter the parks. Mills, as an agent of the city of Caldwell, was lawfully permitted to explain to Edwards the need for the trespass notice. The district court further indicated that if Edwards disregarded the notice, he would be charged with trespass. The district court granted Mills' motion to dismiss with prejudice and awarded costs and attorney fees to Mills. Edwards appeals from the district court's judgment dismissing Edwards' complaint and, in his reply brief, seeks attorney fees on appeal. Mills requests an award of attorney fees and costs on appeal.

## II.

## ANALYSIS

Edwards contends the district court erred in dismissing the complaint because Mills violated Edwards' due process rights. As an appellate court, we will affirm a trial court's grant

---

[1]  Idaho Code Section 18-7008(A)(8) provides that the following people willfully commit trespass:

> Every person, except under landlord-tenant relationship, who, being first notified in writing, or verbally by the owner or authorized agent of the owner of real property, to immediately depart from the same and who refuses to so depart, or who, without permission or invitation, returns and enters said property within a year, after being so notified.

[2]  Idaho Rule of Civil Procedure 12(b) provides:

> Every defense, in law or fact, to a claim for relief in any pleading, whether a claim, counterclaim, cross-claim, or third party claim, must be asserted in the responsive pleading if one is required. But a party may assert the following defense by motion:
>  . . . .
> (6)  failure to state a claim upon which relief can be granted.

2

of a Idaho Rule of Civil Procedure 12(b)(6) motion where the record demonstrates that there are no genuine issues of material fact, and the case can be decided as a matter of law. *Coghlan v. Beta Theta Pi Fraternity*, 133 Idaho 388, 398, 987 P.2d 300, 310 (1999). When reviewing an order of the district court dismissing a case pursuant to Rule 12(b)(6), the nonmoving party is entitled to have all inferences from the record and pleadings viewed in its favor, and only then may the question be asked whether a claim for relief has been stated. *Coghlan*, 133 Idaho at 398, 987 P.2d at 310. The issue is not whether the plaintiff will ultimately prevail, but whether the party is entitled to offer evidence to support the claims. *Orthman v. Idaho Power Co.*, 126 Idaho 960, 962, 895 P.2d 561, 563 (1995).

Edwards maintains he did nothing "wrong" to justify the notice of trespass because the city parks are public. This argument is without merit for several reasons. First, Idaho Code Section 18-7008(A)(8) applies to both public and private property. *State v. Korsen*, 138 Idaho 706, 711, 69 P.3d 126, 131 (2003), *abrogated on other grounds by Evans v. Michigan*, ___ U.S. ___, ___, 133 S. Ct. 1069, 1087 (2013). Second, Edwards' argument that he did nothing wrong is irrelevant because Idaho Code Section 18-7008(A)(8) does not require a valid reason, justification, or explanation for the notice to stay off property. Third, although not required by statute, Mills explained why the city served Edwards the notice of trespass--that Edwards contests the city's reasoning is of no consequence.

Moreover, Edwards' conduct that served as the basis for the trespass notice is not protected by the Constitution. The Due Process Clause of the United States and Idaho Constitutions forbids the government to deprive an individual of life, liberty, or property without due process of law. U.S. CONST. amend. XIV; IDAHO CONST. art. I, § 13. To determine whether an individual's due process rights under the Fourteenth Amendment have been violated, a court must engage in a two-step analysis. *Schevers v. State*, 129 Idaho 573, 575, 930 P.2d 603, 605 (1996). It must first decide whether the individual's threatened interest is a liberty or property interest under the Fourteenth Amendment. *Id.*; *Smith v. Meridian Joint Sch. Dist. No. 2*, 128 Idaho 714, 722, 918 P.2d 583, 591 (1996). Only if it finds a liberty or property interest will the court reach the next step in which it determines the extent of due process procedural protections. *Schevers*, 129 Idaho at 575, 930 P.2d at 605. The United States Supreme Court has held that the right to petition government for a redress of grievance is a liberty interest intimately connected to

the First Amendment.  *United Mine Workers of America, Dist. 12 v. Illinois State Bar Ass'n*, 389 U.S. 217, 222 (1967).

In a similar case, *Pentico v. State*, 159 Idaho 350, 353, 360 P.3d 359, 362 (Ct. App. 2015), the defendant was cited for trespassing after receiving notice that he was not permitted on that property.  The defendant argued that application of Idaho Code Section 18-7008(A)(8) to a citizen ordered to leave property that is otherwise held open to the public violates the Due Process Clause.  *Pentico*, 159 Idaho at 354-55, 360 P.3d at 363-64.  We considered the defendant's First Amendment rights and concluded the defendant's prohibited entry onto the property constituted nonexpressive conduct--not speech.  Because the defendant was not asked to leave the premises due to his attempt to exercise his First Amendment rights, we held the defendant's First Amendment rights were not infringed when he was charged with trespass.

Here, too, Edwards received a trespass notice for his nonexpressive conduct of entering a park, interfering with animal control efforts, and driving dangerously.  Edwards was not asked to stay off the property on account of his speech or expressive conduct.  Accordingly, Edwards is unable to identify a constitutionally protected liberty or property interest necessary for a due process violation.  We conclude Mills did not violate Edwards' due process rights by sending Edwards a letter explaining why he could no longer enter the city's parks under Idaho Code Section 18-7008(A)(8).  Because Edwards failed to plead facts to support his claims, the district court properly dismissed his complaint.

Mills requests an award of attorney fees and costs on appeal, pursuant to Idaho Appellate Rules 40 and 41 and Idaho Code Section 12-121.  An award of attorney fees on appeal is appropriate when an appeal is brought, pursued or defended frivolously, unreasonably or without foundation.  *Crowley v. Critchfield*, 145 Idaho 509, 514, 181 P.3d 435, 440 (2007).[3]  The district court informed Edwards that Mills acted lawfully by sending the letter to Edwards.  On appeal, Edwards failed to present new or revised arguments.  Most of his briefing consists of convoluted

---

[3]     The Supreme Court recently adopted a new standard for attorney fees:  "[P]revailing parties in civil litigation have the right to be made whole for attorney fees they have incurred when justice so requires."  *Hoffer v. Shappard*, 160 Idaho 868, 883, 380 P.3d 681, 696 (2016) (internal quotation marks omitted).  However, this new standard is not effective until March 1, 2017, "and will have prospective effect, applying to all cases that have not become final as of that date."  *Id.*  Thus, until March 1, 2017, we utilize the former standard.  Regardless, we award attorney fees and costs to Mills under either standard.

or irrelevant arguments and claims. Thus, an award of attorney fees and costs to Mills is appropriate.

Edwards also requests an award of attorney fees in his reply brief. "In order to be considered by this Court, the appellant is required to identify legal issues and provide authorities supporting the arguments in the opening brief." *Myers v. Workmen's Auto Ins. Co.*, 140 Idaho 495, 508, 95 P.3d 977, 990 (2004). "A reviewing court looks to the initial brief on appeal for the issues presented on appeal." *Id.* Because Edwards did not request an award of attorney fees in his opening brief, the issue was not properly raised. Moreover, an attorney acting as a pro se litigant is not entitled to an award of attorney fees on appeal. *Chavez v. Canyon Cty., State, ex rel. its Duly Elected Bd. of County Comm'rs*, 152 Idaho 297, 305, 271 P.3d 695, 703 (2012). Edwards' request for attorney fees on appeal is denied.

## III.

## CONCLUSION

For the reasons set forth above, the district court did not err in dismissing Edwards' complaint because Edwards failed to set forth a claim for relief. We therefore affirm the district court's dismissal. Costs and attorney fees awarded to the respondent on appeal.

Chief Judge GRATTON and Judge MELANSON **CONCUR**.