**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 45364**

| | |
|---|---|
| STATE OF IDAHO, | ) |
| | ) Filed: February 27, 2019 |
| Plaintiff-Respondent, | ) |
| | ) Karel A. Lehrman, Clerk |
| v. | ) |
| | ) |
| WILLIAM TIMOTHY DIX, aka | ) |
| JAMAAL AL-DIN, | ) |
| | ) |
| Defendant-Appellant. | ) |
| | ) |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County. Hon. Richard D. Greenwood, District Judge.

Order withholding judgment and order of probation for grand theft and burglary, <u>affirmed</u>

Eric D. Fredericksen, State Appellate Public Defender; Jenny C. Swinford, Deputy Appellate Public Defender, Boise, for appellant. Jenny C. Swinford argued.

Hon. Lawrence G. Wasden, Attorney General; John C. McKinney, Deputy Attorney General, Boise, for respondent. John C. McKinney argued.

_____

LORELLO, Judge

William Timothy Dix, aka Jamaal Al-Din, appeals from his order withholding judgment and order of probation for grand theft and burglary. Dix argues that the district court erred in denying his motion for a judgment of acquittal because the evidence was insufficient to find him guilty of grand theft or burglary. For the reasons set forth below, we affirm.

**I.**

**FACTUAL AND PROCEDURAL BACKGROUND**

Dix was charged with grand theft, I.C. §§ 18-2403(1), 18-2407(b) and 18-2409, and burglary, I.C. § 18-1401. At trial, the State's theory was that Dix committed theft when he

1

obtained merchandise from a supply store on open lines of credit with no intent to pay for the merchandise and that Dix committed burglary when he took that merchandise to a pawn shop where he received loans for the merchandise based on false representations regarding ownership of the merchandise. The State presented three witnesses: an employee from the supply store, a pawn shop employee, and the investigating officer. The supply store employee testified that Dix opened lines of credit for two businesses and used those lines of credit to obtain merchandise from the supply store. The merchandise Dix received included several tool sets. Dix never made any payments on the accounts he opened with the supply store.

The pawn shop employee testified that the pawn shop gave Dix loans for new tool sets on four separate occasions. Documentary evidence reflected those loans were made on the same days Dix received tool sets from the supply store. The employee also testified that the pawn slips associated with the loans, which Dix signed, included a representation that he owned the property. After several similar transactions with Dix, the pawn shop employee became suspicious, contacted law enforcement, and provided the investigating officer with items related to Dix's transactions at the pawn shop.

The investigating officer testified that he first contacted Dix after he used a business license to acquire thirteen cell phones and tablets, which Dix later pawned. The officer advised Dix that his conduct did not appear to be legitimate business and that it could result in criminal charges, although no charges were filed in relation to the cell phones and tablets. When the officer was later contacted regarding Dix pawning new tool sets, the officer initiated the investigation which resulted in the criminal charges in this case.

Dix pled not guilty and the case proceeded to trial. After the State rested its case-in-chief, Dix moved for a judgment of acquittal on both offenses arguing that, under *State v. Bennett*, 150 Idaho 278, 246 P.3d 387 (2010), he became the owner of the merchandise once he obtained possession of the merchandise from the supply store and that, as the owner, he could lawfully pawn it. The district court denied the motion and the jury subsequently found Dix guilty of grand theft and burglary.

After trial, Dix renewed his motion for judgment of acquittal for the burglary charge only. The district court denied the motion. The district court subsequently entered an order withholding judgment and placing Dix on probation for eight years. Dix appeals.

## II.

## STANDARD OF REVIEW

In reviewing the denial of a I.C.R. 29 motion for judgment of acquittal, this Court must independently consider the evidence in the record and determine whether a reasonable mind could conclude that the defendant's guilt as to such material evidence of the offense was proven beyond a reasonable doubt. *State v. Clark*, 161 Idaho 372, 374, 386 P.3d 895, 897 (2016).

## III.

## ANALYSIS

Dix argues that the district court erred in denying his motion for judgment of acquittal because there was insufficient evidence to support his convictions for either grand theft or burglary. The State responds that Dix's motion for judgment of acquittal was properly denied because there was sufficient evidence to support Dix's convictions for both grand theft and burglary. We hold that, because there was sufficient evidence to support Dix's convictions, Dix has failed to show error in the denial of his motion for judgment of acquittal.

Idaho Criminal Rule 29 provides that when a verdict of guilty is returned, the court, on motion of the defendant, shall order the entry of a judgment of acquittal if the evidence is insufficient to sustain a conviction. The test applied when reviewing the district court's ruling on a motion for judgment of acquittal is to determine whether the evidence was sufficient to sustain a conviction of the crime charged. *State v. Fields*, 127 Idaho 904, 912-13, 908 P.2d 1211, 1219-20 (1995). When reviewing the sufficiency of the evidence where a judgment of conviction has been entered upon a jury verdict, the evidence is sufficient to support the jury's guilty verdict if there is substantial evidence upon which a reasonable trier of fact could have found that the prosecution sustained its burden of proving the essential elements of a crime beyond a reasonable doubt. *State v. Herrera-Brito*, 131 Idaho 383, 385, 957 P.2d 1099, 1101 (Ct. App. 1998); *State v. Knutson*, 121 Idaho 101, 104, 822 P.2d 998, 1001 (Ct. App. 1991). We do not substitute our view for that of the jury as to the credibility of the witnesses, the weight to be given to the testimony, and the reasonable inferences to be drawn from the evidence. *Knutson*, 121 Idaho at 104, 822 P.2d at 1001; *State v. Decker*, 108 Idaho 683, 684, 701 P.2d 303, 304 (Ct. App. 1985). Moreover, we consider the evidence in the light most favorable to the

3

prosecution. *Herrera-Brito*, 131 Idaho at 385, 957 P.2d at 1101; *Knutson*, 121 Idaho at 104, 822 P.2d at 1001.

## A.    Sufficiency of Evidence of Grand Theft

The State charged Dix with grand theft pursuant to I.C. §§ 18-2403(1), 18-2407(1)(b), and 18-2409. The State alleged, in relevant part, that Dix wrongfully took merchandise from the owner (the supply store) with the intent to deprive. The parties' dispute over the sufficiency of evidence for grand theft centers on the element of ownership and the applicability of the Idaho Supreme Court's opinion in *Bennett*, 150 Idaho 278, 246 P.3d 387.

In *Bennett*, the defendant was charged with grand theft pursuant to I.C. § 18-2403(1) after he entered into an agreement to purchase a trailer and then took the trailer and moved out of state without making all of the payments to the seller. *Bennett*, 150 Idaho at 278-79, 246 P.3d at 387-88. The issue on appeal was the sufficiency of evidence on the element of ownership. The Court's decision "hinge[d] on the definition of 'owner' in I.C. § 18-2402(6)." *Bennett*, 150 Idaho at 279, 246 P.3d at 388. Idaho Code Section 18-2402(6) defines "owner" as "any person who has a right to possession thereof superior to that of the taker, obtainer[,] or withholder." The Court determined that the definition of "owner" under I.C. § 18-2402(6) "depends on the possessory rights of the persons involved, and the criminal code does not provide guidance on possessory rights." *Bennett*, 150 Idaho at 280, 246 P.3d at 389. Therefore, Article 2 of the Uniform Commercial Code (UCC) must be examined to determine the relative possessory rights of the parties. *Bennett*, 150 Idaho at 280, 246 P.3d at 389. The Court's UCC analysis was as follows:

> [The seller] parted with possession of the trailer by delivering it to Bennett. Upon Bennett's breach of contract, [the seller] did not regain superior possessory rights. First, under the UCC, an unpaid seller of goods does not have a remedy to retake the property. [The seller's] available remedy is to sue Bennett for the unpaid price pursuant to I.C. § 28-2-709(1)(a). Second, while [the seller] may think that he was to retain title to the trailer until it was paid for in full, pursuant to I.C. § 28-2-401(1), "[a]ny retention or reservation by the seller of the title (property) in goods shipped or delivered to the buyer is limited in effect to a reservation of a security interest." Although such a security interest would give the seller a superior possessory right in the property upon the buyer's default, there is no legally enforceable security interest in this case.
>
> A security interest arising under I.C. § 28-2-401 is subject to chapter 9, title 28, Idaho Code. I.C. § 28-9-110. Requirements for such a security interest to

be enforceable are set forth in I.C. § 28-9-203(b). While I.C. § 28-9-110 exempts security interests arising under I.C. § 28-2-401 from meeting the requirements set forth in I.C. § 28-9-203(b), this exemption applies only "until the debtor obtains possession of the goods." In this case, Bennett obtained possession of the goods when [the seller] delivered the trailer. Therefore, any security interest arising under I.C. § 28-2-401 that [the seller] is asserting must meet the requirements set forth in I.C. § 28-9-203(b) in order to be enforceable. [The seller] did not create an enforceable security agreement, as the agreement fails to satisfy any of the conditions in I.C. § 28-9-203(b)(3).

*Bennett*, 150 Idaho at 280, 246 P.3d at 389.

Applying these UCC provisions to the evidence, the Court determined that, at the time Bennett breached the agreement by moving the trailer, the seller was not the owner because he did not have a superior possessory right. The seller did not have such a right because he parted with possession of the trailer and had no security interest entitling him to repossession of the trailer in the event of default. *Bennett*, 150 Idaho at 280, 246 P.3d at 389. Thus, the evidence was insufficient to support Bennett's conviction for grand theft. *Id*.

Dix argues that, as in *Bennett*, there was insufficient evidence that the supply store was an owner because Dix had a superior possessory interest in the merchandise he obtained on credit. Dix cites I.C. § 28-2-401(2) in support of the proposition that title passed to him as the buyer once the supply store delivered the merchandise to him. Dix notes that, under I.C. § 28-2-703, this is true regardless of his failure to pay. Moreover, Dix argues there was no evidence that the supply store retained an enforceable security interest in the merchandise. The State responds that the UCC provisions discussed in *Bennett* do not apply where the goods are procured through fraud as was the State's theory in this case. The State further argues that the evidence was sufficient.

We first address whether the UCC applies to this case, as it did in *Bennett*, and conclude that it does not. This case is factually different than *Bennett*. Unlike in *Bennett*, Dix never made a payment to the supply store for the merchandise he obtained, and the alleged theft did not arise out of a claimed breach of contract. Rather, the evidence presented, and the State's theory, was that Dix *never* intended to pay the supply store for the merchandise he obtained. It is for this reason that the UCC does not apply to this case. If an individual takes merchandise without any intent to pay for it, he or she has unlawfully obtained the merchandise and has no lawful ownership interest in it. Without competing ownership interests, there is no reason to consult the

5

UCC. Thus, to the extent Dix's sufficiency of the evidence claim is dependent on the applicability of the UCC, his claim fails.

Upon reviewing the record, we conclude there was sufficient evidence to support the jury's verdict finding Dix guilty of grand theft. The jury was instructed that, in order to find Dix guilty of grand theft, the State must prove beyond a reasonable doubt that Dix wrongfully took merchandise, from an owner, with the intent to deprive. The jury was further instructed that:

> In any prosecution for theft based upon a false promise, the defendant's intention or belief that the promise would not be performed may not be established by or inferred from the fact alone that such promise was not performed. Such a finding may be used only upon evidence establishing that the facts and circumstances of the case are consistent with guilty intent or belief and inconsistent with innocent intent or belief, and excluding to a moral certainty every reasonable hypothesis except that of the defendant's intention or belief that the promise would be performed.

There was sufficient evidence from which the jury could conclude, beyond a reasonable doubt, that Dix obtained merchandise from the supply store based upon a false promise[1] that he would pay for the merchandise and with the intent to deprive the supply store of the merchandise. Accordingly, we affirm Dix's conviction for grand theft.

**B.      Sufficiency of Evidence of Burglary**

The State also charged Dix with burglary, I.C. § 18-1401, and alleged, in relevant part, that Dix entered the pawn shop with the intent to commit theft. On this charge, the jury was instructed that, in order to find Dix guilty of burglary, it must find Dix entered the pawn shop with the specific intent to commit theft. The State's theory was that the theft Dix intended was the money he received for the merchandise he pawned but did not own.

On appeal, Dix argues that the evidence was insufficient to support a burglary conviction for the same reason it was insufficient to support a grand theft conviction--he was the owner of the merchandise he pawned. The State's response is similarly predicated on its position that Dix

---

[1]      To the extent Dix argues that the jury could not convict based on the "false promise" theory reflected in the jury instructions because that phrase was not used in the charging document, he has failed to challenge either the jury instruction or the charging document on appeal. Moreover, I.C. § 18-2401 provides that theft is a consolidated offense and an accusation of theft may be supported by evidence that it was committed in any manner that would be defined as theft. Idaho Code Section 18-2403(2)(d) defines theft to include a wrongful taking or obtaining of property by false promise.

6

was not the owner of the pawned merchandise. Because we have concluded that Dix did not have a lawful ownership interest in the merchandise, we must necessarily reject Dix's challenge to the sufficiency of the evidence of burglary. Accordingly, we affirm Dix's conviction for burglary.

## IV.
## CONCLUSION

There was sufficient evidence to prove beyond a reasonable doubt that Dix was guilty of grand theft and burglary. Accordingly, Dix's order withholding judgment and order of probation for grand theft and burglary is affirmed.

Chief Judge GRATTON and Judge BRAILSFORD, **CONCUR**.