# IN THE COURT OF APPEALS OF THE STATE OF IDAHO

## Docket No. 48249

STATE OF IDAHO,

      Plaintiff-Respondent,

v.

SCOTT IOKEPA KAHOIWAI,

      Defendant-Appellant.

)
)
)
)
)
)
)
)
)
)
)
)
)

Filed: November 16, 2021

Melanie Gagnepain, Clerk

THIS IS AN UNPUBLISHED
OPINION AND SHALL NOT
BE CITED AS AUTHORITY

---

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County. Hon. Gerald F. Schroeder, District Judge. Hon. Michael J. Oths, Magistrate.

Decision of the district court, on intermediate appeal from the magistrate court, affirming judgment of conviction for possession of drug paraphernalia and possession of a controlled substance, <u>affirmed</u>.

Anthony R. Geddes, Ada County Public Defender; Justine Parker, Deputy Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; John C. McKinney, Deputy Attorney General, Boise, for respondent.

---

LORELLO, Judge

Scott Iokepa Kahoiwai appeals from the decision of the district court, on intermediate appeal from the magistrate court, affirming his judgment of conviction for possession of drug paraphernalia and possession of a controlled substance. We affirm.

## I.

## FACTUAL AND PROCEDURAL BACKGROUND

Officers patrolling a park observed Kahoiwai seated with a group of people around a picnic table. Upon approaching the group, the officers detected the odor of marijuana and observed Kahoiwai pass a "small tubular object" resembling a pipe to a woman seated on the grass nearby.

1

After seizing the pipe from the woman, the officers noticed that it smelled of marijuana, contained a "burnt kind of bud material," and was hot to the touch. Subsequent chemical analysis confirmed that the pipe contained marijuana.

The State charged Kahoiwai with possession of drug paraphernalia (I.C. § 37-2734A(1)) and misdemeanor possession of a controlled substance (I.C. § 37-2732(c)(3)). During the subsequent jury trial, one of the officers testified to seeing Kahoiwai "smoking what [the officer] would describe as marijuana in a marijuana pipe." On cross-examination, Kahoiwai inquired as to why this observation did not appear in the officer's police report. The officer responded that, while editing the report, he had inadvertently omitted his observation that Kahoiwai was "in possession of" suspected marijuana. After the State rested, Kahoiwai moved for a judgment of acquittal under I.C.R. 29, arguing that the State failed to present sufficient evidence of his use or possession with intent to use the pipe to ingest a controlled substance or his possession of marijuana. The magistrate court denied the motion and the jury found Kahoiwai guilty of both charged offenses. The district court affirmed the denial of Kahoiwai's I.C.R. 29 motion on intermediate appeal. Kahoiwai again appeals.

## II.

### STANDARD OF REVIEW

For an appeal from the district court, sitting in its appellate capacity over a case from the magistrate division, we review the magistrate court record to determine whether there is substantial and competent evidence to support the magistrate court's findings of fact and whether the magistrate court's conclusions of law follow from those findings. *State v. Korn*, 148 Idaho 413, 415, 224 P.3d 480, 482 (2009). However, as a matter of appellate procedure, our disposition of the appeal will affirm or reverse the decision of the district court. *State v. Trusdall*, 155 Idaho 965, 968, 318 P.3d 955, 958 (Ct. App. 2014). Thus, we review the magistrate court's findings and conclusions, whether the district court affirmed or reversed the magistrate court and the basis therefor, and either affirm or reverse the district court.

## III.

### ANALYSIS

Kahoiwai argues that the district court erred by affirming the denial of his I.C.R. 29 motion for judgment of acquittal. According to Kahoiwai, the "district court incorrectly concluded there

was sufficient evidence to demonstrate the State had met its burden as to" the offenses charged. The State responds that the district court properly concluded that there was sufficient evidence to sustain both guilty verdicts. We hold that Kahoiwai has failed to show error in the district court's order affirming the denial of Kahoiwai's I.C.R. 29 motion.

When reviewing the denial of a motion for judgment of acquittal under I.C.R. 29, the appellate court must independently consider the evidence in the record and determine whether a reasonable mind could conclude that the defendant's guilt was proven beyond a reasonable doubt. *State v. Clark*, 161 Idaho 372, 374, 386 P.3d 895, 897 (2016). The relevant inquiry is not whether the appellate court would find the defendant guilty beyond a reasonable doubt, but whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Id.*; *see also State v. Willard*, 129 Idaho 827, 828, 933 P.2d 116, 117 (Ct. App. 1997) (ruling same standard applies to review of denial of I.C.R. 29 motion as review of substantial evidence to support verdict).

After the State rested its case-in-chief, Kahoiwai moved for a judgment of acquittal under I.C.R. 29 as to both the possession of drug paraphernalia charge and possession of a controlled substance charge. The magistrate court denied Kahoiwai's I.C.R. 29 motion as to the possession of drug paraphernalia charge, reasoning "viewing the circumstances, the heated nature of [the pipe], the distinct odor, and the described events, I believe that a reasonable jury could conclude that [Kahoiwai] was in possession of drug paraphernalia." Although the magistrate court did not expressly address Kahoiwai's I.C.R. 29 motion as it related to the possession of a controlled substance charge, the court implicitly denied the motion as to that charge as well given that the trial continued to verdict and the magistrate court entered a judgment of conviction including both offenses. *See State v. Wolfe*, 158 Idaho 55, 61, 343 P.3d 497, 503 (2015) (concluding that a trial court implicitly denied a motion for reconsideration by entering an order dismissing the case).

On intermediate appeal, the district court affirmed the magistrate court's decision denying Kahoiwai's I.C.R. 29 motion. We agree that the magistrate court properly denied Kahoiwai's Rule 29 motion. The State presented sufficient evidence from which the jury could conclude, beyond a reasonable doubt, that Kahoiwai was guilty of possession of drug paraphernalia and possession of a controlled substance. Idaho Code Section 37-2734A(1) makes it a crime "to use, or to possess with intent to use, drug paraphernalia to . . . inhale . . . a controlled substance."

3

Except under circumstances not implicated in this case, I.C. § 37-2732(c)(3) makes it unlawful "for any person to possess a controlled substance." The State argued to the jury that Kahoiwai violated both statutes by using, or possessing with intent to use, a pipe that contained marijuana. To establish this theory, the State presented the testimony of the two officers who encountered Kahoiwai in the park and the testimony of a forensic scientist who analyzed the contents of the pipe Kahoiwai was accused of possessing. During trial, one officer testified that he detected the odor of marijuana around Kahoiwai, observed him "smoking what [the officer] would describe as marijuana in a marijuana pipe," and saw Kahoiwai pass the pipe to a woman seated nearby. Another officer testified to observing the woman seated near Kahoiwai take "a small tubular object" from him and then seizing a pipe from the woman that "was hot to the touch, like it had recently been smoked" and "had a burnt kind of bud material left in the bowl." The forensic scientist testified that chemical testing confirmed that the material in the pipe was "marijuana or resins thereof."

On appeal, Kahoiwai asserts that the only evidence to sustain a finding that he possessed any controlled substance or drug paraphernalia was one officer's "conflicting observation" of Kahoiwai "smoking from a pipe" as the officer approached from behind. Kahoiwai does not, however, elaborate on how the officer's observations were conflicting. The reference to conflicting observations apparently alludes to the discrepancies between the officer's in-court testimony and his written report. The discrepancy, elicited on cross-examination, was that the officer omitted from his written report "the part where [Kahoiwai] had the marijuana pipe up to his mouth, and [the officer] believed [Kahoiwai] to be smoking." However, the officer explained the omission, noting that it occurred when he was "cutting and pasting" information to include in his report. This discrepancy, however, goes to the credibility and weight of the officer's testimony, both of which are questions for the jury. *See State v. Flowers*, 131 Idaho 205, 207, 953 P.2d 645, 647 (Ct. App. 1998) (observing that we will not substitute our view for that of the trier of fact as to the credibility of witnesses). The jury evidently found the officer's in-court testimony credible given that it found Kahoiwai guilty of both charged offenses. This Court will not substitute its view for that of the trier of fact as to the credibility of the witnesses, the weight to be given to the testimony, and the reasonable inferences to be drawn from the evidence. *Id.* at 207, 953 P.2d at 647. Moreover, even if the evidence was conflicting, that would not necessarily deprive the jury's

4

verdicts of sufficient evidentiary support. *See State v. Southwick*, 158 Idaho 173, 178, 345 P.3d 232, 237 (Ct. App. 2014). Viewing the evidence in the light most favorable to the prosecution, a rational trier of fact could have found that Kahoiwai possessed the marijuana in the pipe found at the scene and used the pipe to smoke the marijuana it contained. Thus, Kahoiwai's challenge to the district court's decision affirming the denial of his I.C.R. 29 motion fails.

## IV.

## CONCLUSION

There is substantial evidence in the record upon which a rational trier of fact could conclude that the State proved beyond a reasonable doubt all the essential elements of possession of drug paraphernalia and possession of a controlled substance. Thus, Kahoiwai has failed to show that the district court erred in affirming the magistrate court's denial of his I.C.R. 29 motion. Accordingly, the decision of the district court, on intermediate appeal from the magistrate court, affirming Kahoiwai's judgment of conviction for possession of drug paraphernalia and possession of a controlled substance is affirmed.

Chief Judge HUSKEY and Judge Pro Tem MELANSON, **CONCUR**.