**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 42397**

| | | |
|---|---|---|
| STATE OF IDAHO, | ) | **2015 Opinion No. 35** |
| | ) | |
| Plaintiff-Respondent, | ) | **Filed: June 19, 2015** |
| | ) | |
| v. | ) | **Stephen W. Kenyon, Clerk** |
| | ) | |
| KURTIS THOMAS KELLY, | ) | |
| | ) | |
| Defendant-Appellant. | ) | |
| | ) | |

Appeal from the District Court of the First Judicial District, State of Idaho, Kootenai County. Hon. Richard S. Christensen, District Judge.

Judgment of conviction for battery on a law enforcement officer, <u>affirmed</u>.

John M. Adams, Kootenai County Public Defender; Jay Logsdon, Deputy Appellate Public Defender, Coeur d'Alene, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Russell J. Spencer, Deputy Attorney General, Boise, for respondent.

_____

MELANSON, Chief Judge

Kurtis Thomas Kelly appeals from his judgment of conviction for battery on a law enforcement officer. For the reasons set forth below, we affirm.

## I.

## FACTS AND PROCEDURE

The basic facts in this case are undisputed. A uniformed officer was dispatched around 1:30 a.m. to a bar in response to a call reporting a fight. The officer saw Kelly sitting on the sidewalk in handcuffs. The officer had the handcuffs removed and questioned Kelly. The officer determined that Kelly was intoxicated and needed to go home. One of his friends, who was sober, offered to drive Kelly home. The friend and Kelly's wife asked the officer for assistance in getting Kelly into the friend's car because Kelly was too intoxicated to walk. On

1

their way to the car, Kelly complained about pain in his arm and stated that he did not want to go to jail. While being assisted into the car, Kelly stood up and punched the officer in the face with a closed fist.

Kelly was arrested and charged with battery on a law enforcement officer. I.C. §§ 18-903, 18-915(3). He moved to dismiss the charge, arguing that the state failed to allege facts which established that the officer was exercising an official duty when he was struck. The district court denied the motion. After the state rested at trial, Kelly moved for an acquittal, again arguing that the state failed to meet its burden of proving what specific official duty the officer was performing at the time he was struck. The motion was denied. Kelly now appeals, alleging that those motions were improperly denied and the district court made a number of errors at trial.

## II.

## ANALYSIS

While Kelly raises many issues on appeal, they can be consolidated into two claims of error by the district court.[1] First, Kelly alleges that the district court erred in failing to grant his motion to dismiss and his motion for an acquittal because the state failed to provide evidence that the officer was performing his official duty at the time he was punched. Second, Kelly argues that the district court erred in instructing the jury.

### A.    Officer's Duties

Kelly argues that I.C. § 18-915(3) requires the state to prove what specific official duty the officer was undertaking at the time of the incident. Kelly alleges that, because the state failed

---

[1]    Kelly's brief listed the following issues on appeal:  whether the state must indicate in the information the duty in which the officer was engaged or for which he was struck; whether the state must present evidence as to the duty in which the officer was engaged or for which he was struck; whether the elements instructions must indicate the duty in which the officer was engaged or for which he was struck that the jury is to find; whether the officer had any duties within the meaning of I.C. § 18-915; whether the judiciary may create the duties of the police for purposes of I.C. § 18-915; whether I.C. § 18-116 is unconstitutional under Article I, § 13 of the Idaho Constitution insofar as it reduces the state's burden to prove particular crimes in cases involving specific intent and voluntary intoxication; whether I.C. § 18-116 also reduces the defense's burden to present a self-defense claim; and whether battery on certain personnel is a lesser-included offense of battery on a law enforcement officer.

to make the requisite showing, the district court erred in denying his motion to dismiss and his motion for an acquittal. Idaho Code Section 18-915(3) provides:

> For committing a violation of the provisions of section 18-903, Idaho Code, except unlawful touching as described in section 18-903(b), Idaho Code, against the person of a former or present peace officer, sheriff or police officer:
> (a)  Because of the exercise of official duty or because of the victim's former or present official status; or
> (b)  While the victim is engaged in the performance of his duties and the person committing the offense knows or reasonably should know that such victim is a peace officer, sheriff or police officer;
> the offense shall be a felony punishable by imprisonment in a correctional facility for a period of not more than five (5) years, and said sentence shall be served consecutively to any sentence being currently served.

Idaho Code Section 18-903 defines battery as follows:

> A battery is any:
> (a)  Willful and unlawful use of force or violence upon the person of another; or
> (b)  Actual, intentional and unlawful touching or striking of another person against the will of the other; or
> (c)  Unlawfully and intentionally causing bodily harm to an individual.

It is not disputed that Kelly punched the police officer. The issue is whether the state was required to prove that the officer was engaged in the performance of an official duty and whether the state met that burden. This is an issue of statutory interpretation. This Court exercises free review over the application and construction of statutes. *State v. Reyes*, 139 Idaho 502, 505, 80 P.3d 1103, 1106 (Ct. App. 2003). Where the language of a statute is plain and unambiguous, this Court must give effect to the statute as written, without engaging in statutory construction. *State v. Burnight*, 132 Idaho 654, 659, 978 P.2d 214, 219 (1999); *State v. Escobar*, 134 Idaho 387, 389, 3 P.3d 65, 67 (Ct. App. 2000). The language of the statute is to be given its plain, obvious, and rational meaning. *Burnight*, 132 Idaho at 659, 978 P.2d at 219. If the language is clear and unambiguous, there is no occasion for the court to resort to legislative history or rules of statutory interpretation. *Escobar*, 134 Idaho at 389, 3 P.3d at 67.

The language of I.C. § 18-915(3) is plain and unambiguous and, therefore, the statute is applied by giving the language its plain, obvious, and rational meaning. Under subsection (a), the state must show a causal connection between the battery and the officer's official duty or

3

status. Accordingly, a person can be guilty of battery upon an officer if the person batters a current or former officer *because of* the performance of his or her official duty or if the person batters a current or former officer *because of* his or her official status. On the other hand, under subsection (b) the state is not required to show a causal connection, but must show that the officer was performing his or her duty and that the individual who committed the battery knew or should have known that the person was an officer. The statute does not require that the officer be engaged in any specific duty--only that he be engaged in the performance of his duties.

In charging Kelly under I.C. § 18-915(3), the state charged Kelly in the alternative, under subsections (a) or (b). Under subsection (a), it was necessary for the state to show that the officer's performance of his official duty or status was the reason Kelly battered the officer. On the other hand, in order for Kelly to be found guilty under subsection (b), the state had to prove that the officer was performing his duty at the time he was struck and that Kelly knew or should have known he was an officer. The state provided evidence, through the testimony of the officer who was punched, that the officer was dispatched to the bar in response to a call reporting a fight at the bar. While at the bar, the officer was asked to assist Kelly into his friend's vehicle so she could drive Kelly home. Without question, an officer's duties include responding to calls for assistance and helping citizens. *See State v. Wixom,* 130 Idaho 752, 754, 947 P.2d 1000, 1002 (1997) (The community caretaking function arises from the duty of police officers to help citizens in need of assistance.). Thus, it follows that the state sufficiently alleged and provided evidence to meet its burden of establishing that the officer was engaged in the performance of his duties when he tried to assist Kelly under both subsections (a) and (b).

## B.     Jury Instructions

Kelly alleges the district court erred in instructing the jury. Whether the jury has been properly instructed is a question of law over which we exercise free review. *State v. Severson*, 147 Idaho 694, 710, 215 P.3d 414, 430 (2009). When reviewing jury instructions, we ask whether the instructions as a whole, and not individually, fairly and accurately reflect applicable law. *State v. Bowman*, 124 Idaho 936, 942, 866 P.2d 193, 199 (Ct. App. 1993).

### 1.     Due process

Kelly argues that his level of intoxication rendered him incapable of forming the requisite mens rea and, therefore, the district court erred in instructing the jury that it could only consider

4

Kelly's intoxication if it found the intoxication to be involuntary. Kelly's intoxication was admittedly voluntary. Kelly argues that I.C. § 18-116 is unconstitutional because it violates due process under the Idaho Constitution. The statute at issue, I.C. § 18-116, states:

> A person who is in an intoxicated condition is criminally responsible for his conduct and an intoxicated condition is not a defense to any offense and may not be taken into consideration in determining the existence of a mental state which is an element of the offense unless the defendant proves that he did not know that it was an intoxicating substance when he consumed, smoked, sniffed, injected or otherwise ingested the substance causing the condition.

The statute plainly does not permit those who commit crimes while voluntarily intoxicated to avoid culpability because of a diminished mental capacity. In the context of the U.S. Constitution, the United States Supreme Court reviewed a Montana statute which disallowed consideration of voluntary intoxication when a defendant's state of mind was at issue. *See Montana v. Egelhoff*, 518 U.S. 37, 56 (1996). The Supreme Court held that, "nothing in the Due Process Clause prevents [the citizens of Montana] from doing so." *Id*. Kelly has provided no authority to suggest that the Idaho Constitution should be treated differently than the United States Constitution and his argument to that effect is unpersuasive. Accordingly, we follow the Supreme Court and hold that I.C. § 18-116 does not violate due process under the Idaho Constitution.

### 2. Lesser-included offense

Kelly alleges that battery on certain personnel is a lesser-included offense of battery on a police officer and, therefore, upon request the district court was required to instruct the jury on both offenses. Error is not reversible unless it is prejudicial. *State v. Stoddard*, 105 Idaho 169, 171, 667 P.2d 272, 274 (Ct. App. 1983). With limited exceptions, even constitutional error is not necessarily prejudicial error. *Id.* Thus, we examine whether the alleged error complained of in the present case was harmless. *See State v. Lopez*, 141 Idaho 575, 578, 114 P.3d 133, 136 (Ct. App. 2005). Assuming, arguendo, that Kelly was entitled to a lesser-included offense instruction, the failure to give one would constitute harmless error. The Idaho Supreme Court has held that failure to give the lesser-included offense instruction, when a person is found guilty of the greater offense, is harmless error. *State v. Joy*, 155 Idaho 1, 7, 304 P.3d 276, 282 (2013). In this case, even if the district court erred in failing to give the lesser-included offense jury

instruction, the error was harmless because Kelly was found guilty of the greater offense--battery on a law enforcement officer.  Accordingly, the error would not be reversible.

**3.      Self-defense**

Kelly alleges that the district court erred in failing to give his proposed jury instruction on self-defense.  A defendant is entitled to have the jury instructed on every defense or theory of defense having any support in the evidence.  *State v. Hansen*, 133 Idaho 323, 328, 986 P.2d 346, 351 (Ct. App. 1999).  However, requested jury instructions should not be given if they lack support in the facts of the case or are erroneous statements of the law.  *State v. Babb*, 125 Idaho 934, 941, 877 P.2d 905, 912 (1994); *State v. Bronnenberg*, 124 Idaho 67, 71, 856 P.2d 104, 108 (Ct. App. 1993).

Idaho Code Section 19-2132(a) requires that the trial court must provide to the jury being charged "all matters of law necessary for their information" and must give a requested jury instruction if it determines that instruction to be correct and pertinent.  Under a four-part test, a requested instruction must be given where:  (1) it properly states the governing law; (2) a reasonable view of the evidence would support the defendant's legal theory; (3) it is not addressed adequately by other jury instructions; and (4) it does not constitute an impermissible comment as to the evidence.  *State v. Fetterly*, 126 Idaho 475, 476-77, 886 P.2d 780, 781-82 (Ct. App. 1994); *see also State v. Evans*, 119 Idaho 383, 385, 807 P.2d 62, 64 (Ct. App. 1991).  To meet the second prong of this test, the defendant must present at least some evidence supporting his or her theory, and any support will suffice as long as his or her theory comports with a reasonable view of the evidence.  *Fetterly*, 126 Idaho at 476-77, 886 P.2d at 781-82; *State v. Kodesh*, 122 Idaho 756, 758, 838 P.2d 885, 887 (Ct. App. 1992).  In other words, a defendant must present facts to support each element of a prima facie case for each defense.  *State v. Camp*, 134 Idaho 662, 665-66, 8 P.3d 657, 660-61 (Ct. App. 2000).  If the defendant fails to provide evidence supporting any one of the necessary elements of a defense, the defendant has failed to meet his or her burden and is not entitled to have the jury instructed on that defense.

Self-defense is recognized in Idaho.  *See State v. Woodward*, 58 Idaho 385, 394, 74 P.2d 92, 96 (1937); *see generally* I.C. §§ 19-201, 19-202, and 19-202A.  Idaho Criminal Jury Instruction 1517 enumerates what must be proven to find that a defendant acted in self-defense: (1) the defendant must have believed that the defendant was in imminent danger of bodily harm;

(2) the defendant must have believed that the action the defendant took was necessary to save the defendant from the danger presented; (3) a reasonable person, under similar circumstances, would have believed that the defendant was in imminent danger of bodily injury and believed that the action taken was necessary; and (4) the defendant must have acted only in response to that danger and not for some other motivation. The burden of production is on the defendant (who must raise self-defense) to make a prima facie defense. *Camp*, 134 Idaho at 666 n.2, 8 P.3d at 661 n.2.

Kelly did not present evidence at trial sufficient to require the district court to give his self-defense jury instruction. Specifically, there is no view of the evidence that would have allowed the jury to find that Kelly satisfied the third element of self-defense--that a reasonable person, under similar circumstances, would have believed that he or she was in imminent danger of bodily injury. The record, including video images from the camera worn by the officer, shows the officer being calm and helpful. There was no indication that a reasonable person under these circumstances would have believed that he or she was in imminent danger of bodily injury. Thus, Kelly failed to make a prima facie showing of facts to support each element of self-defense. Therefore, the district court did not err in refusing to instruct the jury on self-defense.

### 4. Elements of crime

Kelly asserts that the elements of battery on a law enforcement officer include a specific duty in which the officer was engaged or for which the officer was struck. As noted above, the statute only requires proof that the officer was engaged in the performance of his duties. The district court did not err in failing to instruct the jury in this respect.

## III.
## CONCLUSION

The district court did not err in denying Kelly's motion to dismiss or his motion for a directed verdict because the state met its burden of showing that the officer was performing his duty at the time he was struck. In addition, Kelly has not shown that the district court erred in instructing the jury. Therefore, Kelly's judgment of conviction for battery on a law enforcement officer is affirmed.

Judge LANSING and Judge GRATTON, **CONCUR**.