**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 49778**

| | |
|---|---|
| STATE OF IDAHO, | ) |
| | ) **Filed: May 23, 2023** |
| Plaintiff-Respondent, | ) |
| | ) **Melanie Gagnepain, Clerk** |
| v. | ) |
| | ) **THIS IS AN UNPUBLISHED** |
| JOHN ETHAN DARCY, aka JOHN | ) **OPINION AND SHALL NOT** |
| ETHAN D'ARCY, | ) **BE CITED AS AUTHORITY** |
| | ) |
| Defendant-Appellant. | ) |
| | ) |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County. Hon. Gerald F. Schroeder, District Judge. Hon. David D. Manweiler, Magistrate.

Decision of the district court, on intermediate appeal from the magistrate court, affirming judgment of conviction for battery, affirmed.

Eric D. Fredericksen, State Appellate Public Defender; Sally J. Cooley, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Raúl R. Labrador, Attorney General; Kacey L. Jones, Deputy Attorney General, Boise, for respondent.

---

LORELLO, Chief Judge

John Ethan Darcy, aka John Ethan D'Arcy, appeals from a decision of the district court, on intermediate appeal from the magistrate court, affirming his judgment of conviction for battery. We affirm.

**I.**

**FACTUAL AND PROCEDURAL BACKGROUND**

An officer working as a detention deputy at the county jail was conducting a morning headcount of the inmates. During the count, inmates are required to stand up, look at the officer, and say their name. Upon reaching the victim's dorm, the officer noticed that the victim had black

1

eyes, bruising under his eyes, and discoloration on his forehead and the bridge of his nose. The officer asked the victim how he obtained the injuries, and he told the officer what happened. The officer asked another officer to access the video surveillance footage of the victim's dorm. After reviewing the video, the officer identified Darcy as the aggressor. The officer, along with two other officers, approached Darcy, who was laying in his bunk. Darcy immediately stood up and put his hands behind his back before the officers said anything. The officer observed that the knuckles of Darcy's left hand were red and swollen.

The State charged Darcy with misdemeanor battery. I.C. § 18-903. During the subsequent jury trial, the officer testified as to the injuries he observed on the victim during the headcount and testified that the footage from the surveillance video showed Darcy was the aggressor. The surveillance video showed that Darcy got out of his bunk, went to the victim's bunk, pushed, or punched the victim before walking away, and then returned and punched the victim several more times. The victim was seated in his bunk during the entirety of the altercation and does not appear to move or fight back. The victim did not testify at Darcy's trial. After the State rested, Darcy moved for a judgment of acquittal under I.C.R. 29, arguing that the State failed to present sufficient evidence that Darcy's conduct was unlawful or against the will of the victim. The magistrate court denied the motion. Darcy then testified and admitted that he initiated the contact and returned to the victim's bunk to punch him after the victim called Darcy a "bitch." Darcy also testified that the victim did not hit back. The jury found Darcy guilty of misdemeanor battery. Darcy appealed, and the district court affirmed on intermediate appeal. Darcy again appeals.

## II.

### STANDARD OF REVIEW

For an appeal from the district court, sitting in its appellate capacity over a case from the magistrate court, we review the record to determine whether there is substantial and competent evidence to support the magistrate court's findings of fact and whether the magistrate court's conclusions of law follow from those findings. *State v. Korn*, 148 Idaho 413, 415, 224 P.3d 480, 482 (2009). However, as a matter of appellate procedure, our disposition of the appeal will affirm or reverse the decision of the district court. *State v. Trusdall*, 155 Idaho 965, 968, 318 P.3d 955, 958 (Ct. App. 2014). Thus, we review the magistrate court's findings and conclusions, whether

2

the district court affirmed or reversed the magistrate court and the basis therefor, and either affirm or reverse the district court.

In reviewing the denial of an I.C.R. 29 motion for judgment of acquittal, the appellate court must independently consider the evidence in the record and determine whether a reasonable mind could conclude that the defendant's guilt as to such material evidence of the offense was proven beyond a reasonable doubt. *State v. Clark*, 161 Idaho 372, 374, 386 P.3d 895, 897 (2016). On review, the court does not substitute its view for that of the jury as to the credibility of the witnesses, the weight to be given to the testimony, and the reasonable inferences to be drawn from the evidence. *State v. Knutson*, 121 Idaho 101, 104, 822 P.2d 998, 1001 (Ct. App. 1991); *State v. Decker*, 108 Idaho 683, 684, 701 P.2d 303, 304 (Ct. App. 1985). Moreover, the evidence is considered in the light most favorable to the prosecution. *State v. Herrera-Brito*, 131 Idaho 383, 385, 957 P.2d 1099, 1101 (Ct. App. 1998); *Knutson*, 121 Idaho at 104, 822 P.2d at 1001.

## III.

## ANALYSIS

"Mindful of the trial evidence and the fact that trial counsel never requested, and the jury was not given, an instruction on the common law defense of consent," Darcy challenges the sufficiency of the evidence supporting the jury's guilty verdict on this basis, arguing that the district court erred in affirming the magistrate court's denial of his motion for judgment of acquittal. Darcy contends that the State failed to carry its burden of proving beyond a reasonable doubt the elements of a battery charge, specifically asserting that there was no evidence to demonstrate the striking was either unlawful or against the will of the victim. The State responds that the magistrate court and the district court properly concluded there was sufficient evidence to sustain the jury's guilty verdict. We hold that Darcy has failed to show error.

After the State rested its case-in-chief, Darcy moved for a judgment of acquittal under I.C.R. 29 as to the battery charge. The magistrate court denied Darcy's I.C.R. 29 motion, reasoning:

> [W]hether an act is unlawful is based upon the law and the facts and it's clear from this Court's review of the evidence that there was a physical altercation that took place. It did not seem to be physically provoked by [the victim], but whether it was verbally provoked or consented to or whether there was threats against [Darcy] is unclear because there's no audio and [the victim's] not here to testify.

3

I think there's enough in the record to get to the jury at this time. Obviously the Court would have preferred to have [the victim] here and heard his testimony. That's up to the State whether they want to present that proof or not. But based on the photographs, the head count, which is daily twice a day. and the testimony of the witnesses, I think there's a sufficient nexus that's been established by the State in this case. The injuries that are visible in State's 2 and 3 were attributed to the altercation that occurred on September 23rd, and that [Darcy] was responsible for those injuries.

The jury found Darcy guilty. On intermediate appeal, the district court affirmed the magistrate court's decision denying Darcy's I.C.R. 29 motion. We agree with the district court that the State presented sufficient evidence from which the jury could conclude, beyond a reasonable doubt, that Darcy was guilty of battery.

Idaho Code Section 18-903 provides that a person commits battery when there is: (a) willful and unlawful use of force or violence upon the person of another; or (b) actual, intentional and unlawful touching or striking of another person against the will of the other; or (c) unlawful and intentional bodily harm to an individual. The State argued to the jury that Darcy violated I.C. § 18-903 when he pushed or punched the victim, walked away, and then returned and punched the victim several times. To establish this, the State presented the testimony of an officer who stated that during the morning headcount he noticed that the victim had black eyes and bruising on his forehead and nose. The officer testified that he reviewed the surveillance footage from the day before and identified Darcy as the aggressor. The State introduced the surveillance footage which showed that Darcy got out of his bunk and went to the victim's bunk where he was sitting down, and pushed or punched the victim, walked away, and then returned to punch the victim several more times. The officer further testified that he and other officers approached Darcy after they reviewed the footage and that Darcy stood up, put his hands behind his back, and had a red and slightly swollen left hand. The State also admitted into evidence a photo of the victim's face and nose and a photo of Darcy's hands.

Darcy testified at trial in his own defense. He stated that about ten to fifteen minutes before the altercation depicted in the surveillance footage occurred, the victim came to Darcy's bunk and verbally threatened him. Darcy also stated that the victim taunted Darcy and that he felt threatened. He said he initially pushed the victim and walked away until the victim called him a "bitch." In response, Darcy stated that he returned to the victim's bunk and punched him about ten times in

4

order to "accomplish what needed to be accomplished." Darcy testified that the victim was sitting in his bunk when this occurred, and that the victim did not move or strike Darcy back.

On appeal, Darcy argues there is insufficient evidence to demonstrate that his touching of the victim was either unlawful or against the will of the victim because there is no evidence that the victim did not consent to the contact. However, as Darcy concedes, he "never requested, and the jury was never given, an instruction on the common law defense of consent." Moreover, Darcy had the burden of production in raising a prima facie defense of consent. *See State v. Kelly*, 158 Idaho 862, 867, 353 P.3d 1096, 1101 (Ct. App. 2015); *State v. Camp*, 134 Idaho 662, 666 n.2, 8 P.3d 657, 661 n.2 (Ct. App. 2000). Darcy presented no such evidence. Darcy's now-claimed defense of consent does not demonstrate the evidence of battery was insufficient.

The video surveillance footage, the testimony of the officer, the photos of the victim's injuries, and Darcy's own testimony are sufficient evidence upon which the jury could find that Darcy committed the act of battery. By Darcy's own admission, he pushed the victim, walked away, and then returned to repeatedly punch the victim in the face after he called Darcy a "bitch." Darcy also admitted that the victim did not hit back, nor were there injuries on the victim indicating that he hit Darcy at any point. In other words, there is no evidence in the record to suggest that Darcy was defending himself. Viewing the evidence in the light most favorable to the prosecution, a rational trier of fact could have found the elements of battery were met beyond a reasonable doubt. Thus, Darcy's challenge to the district court's decision affirming the magistrate court's denial of Darcy's I.C.R. 29 motion fails.

## IV.

## CONCLUSION

There was sufficient evidence upon which a rational trier of fact could conclude that the State proved beyond a reasonable doubt all the essential elements of battery. Thus, Darcy has failed to show that the district court erred in affirming the magistrate court's denial of his I.C.R. 29 motion. Accordingly, the decision of the district court, affirming Darcy's judgment of conviction for misdemeanor battery is affirmed.

Judge GRATTON and Judge HUSKEY, **CONCUR**.

5