IN THE COURT OF APPEALS OF THE STATE OF IDAHO

Docket No. 50330

| | |
|---|---|
| STATE OF IDAHO, | ) |
| | ) Filed: March 13, 2024 |
| Plaintiff-Respondent, | ) |
| | ) Melanie Gagnepain, Clerk |
| v. | ) |
| | ) THIS IS AN UNPUBLISHED |
| STERLING NICHOLAS MC GUIRE, | ) OPINION AND SHALL NOT |
| | ) BE CITED AS AUTHORITY |
| Defendant-Appellant. | ) |
| | ) |

Appeal from the District Court of the Seventh Judicial District, State of Idaho, Bonneville County. Hon. Dane H. Watkins, Jr., District Judge.

Judgment of conviction, affirmed.

Erik R. Lehtinen, State Appellate Public Defender; Andrea W. Reynolds, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Raúl R. Labrador, Attorney General; Amy J. Lavin, Deputy Attorney General, Boise, for respondent.

_____

GRATTON, Chief Judge

Sterling Nicholas McGuire appeals from his judgment of conviction for battery on a law enforcement officer and resisting or obstructing an officer. McGuire claims that there was insufficient evidence to support his convictions. He also asserts the district court committed reversible error in denying his motion for a mistrial based on alleged prosecutorial misconduct. We affirm.

**I.**

**FACTUAL AND PROCEDURAL BACKGROUND**

On November 10, 2021, Officer Godfrey was dispatched to a convenience store regarding McGuire. McGuire was behind the store and the caller thought he seemed "suspicious" and might be under the influence. Officer Godfrey took McGuire to the hospital for medical clearance. After he was medically cleared, Officer Godfrey left McGuire at the Crisis Center. Approximately thirty

1

minutes later, Officer Godfrey and Officer Weaver were dispatched to the Crisis Center regarding McGuire. Officer Godfrey said Officer Weaver spoke with the person at the desk, and Officer Weaver spoke with McGuire. Officer Godfrey told McGuire that he needed to either complete the intake process or leave the foyer of the property.

When McGuire appeared unwilling to do either option, the officers began to physically escort him from the building. McGuire responded to the officers' approach by drawing his arms and legs toward his chest. The officers attempted to get McGuire to stand up, but he refused and fell to the ground. The officers went to the ground with McGuire but then were able to secure him and remove him from the building. While on the ground, McGuire struck Officer Weaver in the face. After taking McGuire to the jail, both officers went to the hospital because Officer Godfrey had sprained his wrist and Officer Weaver had a bloody nose. Officer Weaver also injured his knee and strained his lower back. The State charged McGuire with battery on a law enforcement officer, Idaho Code § 18-915(3)(b), and resisting or obstructing an officer, I.C. § 18-705.

The case proceeded to a jury trial. After the State completed its closing argument, counsel for McGuire moved for a mistrial. Counsel argued:

> [T]he attempt by the State to argue that Mr. McGuire could have gathered evidence, could have presented evidence, goes to the heart of the most important rights we have, which is the right to remain silent, the right to make the State carry the burden, and I think that's black letter law.

The district court denied McGuire's motion for mistrial. The jury found McGuire guilty of both charges. McGuire appeals.

## II.

## STANDARD OF REVIEW

In criminal cases, motions for mistrial are governed by Idaho Criminal Rule 29.1. A mistrial may be declared upon motion of the defendant, when there occurs during the trial an error or legal defect in the proceedings, or conduct inside or outside the courtroom, which is prejudicial to the defendant and deprives the defendant of a fair trial. I.C.R. 29.1(a). Our standard for reviewing a district court's denial of a motion for mistrial is well established:

> [T]he question on appeal is not whether the trial judge reasonably exercised his discretion in light of circumstances existing when the mistrial motion was made. Rather, the question must be whether the event which precipitated the motion for mistrial represented reversible error when viewed in the context of the full record. Thus, where a motion for mistrial has been denied in a criminal case, the "abuse of discretion" standard is a misnomer. The standard, more accurately stated, is one of

2

reversible error. Our focus is upon the continuing impact on the trial of the incident that triggered the mistrial motion. The trial judge's refusal to declare a mistrial will be disturbed only if that incident, viewed retrospectively, constituted reversible error.

*State v. Urquhart*, 105 Idaho 92, 95, 665 P.2d 1102, 1105 (Ct. App. 1983).

Appellate review of the sufficiency of the evidence is limited in scope. A finding of guilt will not be overturned on appeal where there is substantial evidence upon which a reasonable trier of fact could have found that the prosecution sustained its burden of proving the essential elements of a crime beyond a reasonable doubt. *State v. Herrera-Brito*, 131 Idaho 383, 385, 957 P.2d 1099, 1101 (Ct. App. 1998); *State v. Knutson*, 121 Idaho 101, 104, 822 P.2d 998, 1001 (Ct. App. 1991). We will not substitute our view for that of the trier of fact as to the credibility of the witnesses, the weight to be given to the testimony, and the reasonable inferences to be drawn from the evidence. *Knutson*, 121 Idaho at 104, 822 P.2d at 1001; *State v. Decker*, 108 Idaho 683, 684, 701 P.2d 303, 304 (Ct. App. 1985). Moreover, we will consider the evidence in the light most favorable to the prosecution. *Herrera-Brito*, 131 Idaho at 385, 957 P.2d at 1101; *Knutson*, 121 Idaho at 104, 822 P.2d at 1001. Substantial and competent evidence is relevant evidence that a reasonable mind might accept to support a conclusion. *State v. Hess*, 166 Idaho 707, 710, 462 P.3d 1171, 1174 (2020).

## III.

## ANALYSIS

### A.    Motion for Mistrial Based on Prosecutorial Misconduct

McGuire argues that the district court erred by denying his motion for a mistrial. McGuire contends that the prosecutor committed misconduct by arguing that McGuire had the ability to subpoena witnesses and there is no right, like the right not to testify, not to present material evidence. The State argues that the prosecutor's argument did not amount to misconduct and, even if the argument was improper, it did not violate McGuire's due process rights.

Although our system of criminal justice is adversarial in nature, and the prosecutor is expected to be diligent and leave no stone unturned, the prosecutor is nevertheless expected and required to be fair. *State v. Field*, 144 Idaho 559, 571, 165 P.3d 273, 285 (2007). However, in reviewing allegations of prosecutorial misconduct we must keep in mind the realities of trial. *Id*. A fair trial is not necessarily a perfect trial. *Id*. Prosecutorial misconduct occurs where the prosecutor "so infect[s] the trial with unfairness as to make the resulting conviction a denial of due

process." *State v. Sanchez*, 142 Idaho 309, 318, 127 P.3d 212, 221 (Ct. App. 2005). Furthermore, the Idaho Supreme Court has said that it is prosecutorial misconduct "when the State 'attempts to secure a verdict on any factor other than the law as set forth in the jury instructions and the evidence admitted at trial, including reasonable inferences that may be drawn from that evidence.'" *State v. Miller*, 165 Idaho 115, 122, 443 P.3d 129, 136 (2019) (quoting *State v. Bernal*, 164 Idaho 190, 196, 427 P.3d 1, 7 (2018).

During the prosecution's rebuttal closing argument, the prosecutor brought up Instruction No. 17:

| | |
|---|---|
| [Prosecutor]: | The defendant has the right to choose not to testify. There is no the defendant has the right to choose not to present any evidence. |
| [McGuire]: | Objection, Your Honor. He's going to shift the burden. |
| [Prosecutor]: | I'm not shifting the burden. I just want to point out what the instructions say. This is argument, and I'm allowed to make it. |
| [McGuire]: | He's wrong. A defendant has no obligation to present evidence. |
| The Court: | That is correct. |
| [McGuire]: | I mean, that's borderlining on a mistrial, Judge. |
| [Prosecutor]: | Your Honor, I'm not saying the defendant has the burden to present any evidence. Mr. Crane has said the defendant--I'm about to explain the defendant does have the subpoena power and that he can go out and get his own evidence, and it doesn't implicate his right to testify or not to testify. |
| The Court: | I wouldn't have you go down that path. |

After the prosecutor completed closing arguments, McGuire moved for a mistrial based on prosecutorial misconduct. He argued the attempt by the State to argue that Mr. McGuire could have gathered evidence, could have presented evidence, goes to the heart of one of the most important rights we have, which is the right to remain silent, the right to make the State carry the burden and I think that's black letter law. McGuire contends the prosecutor's comments were an attempt to shift the burden from the State onto McGuire to present evidence, thereby losing the presumption of innocence.

The prosecutor's statement did not constitute misconduct. Prosecutors are not permitted to make direct or indirect comments on a defendant's failure to testify at trial. *State v. Mendoza*, 151 Idaho 623, 627, 262 P.2d 266, 270 (Ct. App. 2011). However, the rule does not extend to comments on the state of the evidence or the failure of the defendant to introduce material evidence or call logical witnesses. *Id*. A prosecutor's comment on the defendant's failure to call a witness does not shift the burden of proof, so long as the prosecutor does not comment on the defendant's failure to testify. *Id*. Idaho courts have also stated that it is not error to point out the deficiencies

4

in the defense's argument. *See State v. Abdullah*, 158 Idaho 386, 445, 348 P.3d 1, 60 (2015). The prosecutor's statement was in response to McGuire's argument that the State failed to call a witness from the Crisis Center. The prosecutor's statement pointed out McGuire's failure to call a logical witness or present material evidence on the point. The prosecutor did not refer to McGuire's failure to testify.

As noted, McGuire argued that the prosecutor *attempted* to shift the burden. McGuire stated that the prosecutor was "*going* to shift the shift the burden." (Emphasis added.) The district court granted defense counsel's prophylactic objection, instructing the prosecutor, "I wouldn't have you go down that path." The prosecutor dropped the argument without claiming that the jury had to find McGuire guilty because of his failure to present evidence. By McGuire's own objection, the prosecutor had only begun to make a purportedly improper argument, which the district court cut off.

Additionally, the district court issued Instruction No. 9 that stated:

Certain things you have heard or seen are not evidence, including:
1.      arguments and statements by lawyers. The lawyers are not witnesses. What they say in their opening statements, closing arguments and at other times is included to help you interpret the evidence, but is not evidence.

This Court presumes the jury followed the court's jury instructions, even when the prosecutorial misconduct occurs after the jury receives its instructions from the trial court. *State v. Saenz*, 167 Idaho 443, 451, 470 P.3d 1252, 1260 (Ct. App. 2020). This Court has recognized that such instructions can be sufficient to remedy improper statements. *See State v. Lankford*, 162 Idaho 477, 501-02, 399 P.3d 804, 828-29 (2017) ("[W]e do not think [the prosecutor's comments] were so egregious or inflammatory that they would not have been cured by the court's instruction."). McGuire has failed to show that his due process rights were violated by prosecutorial misconduct. Consequently, the district court did not error in denying the motion for mistrial.

**B.      Sufficiency of the Evidence**

McGuire claims the evidence is insufficient to sustain his convictions for battery on a law enforcement officer and resisting or obstructing an officer. As to both convictions, McGuire contends the State failed to prove that Officer Weaver and Officer Godfrey were performing an official duty when they removed McGuire from the Crisis Center.

The State charged McGuire with one count of battery on a law enforcement officer. According to I.C. § 18-915(3)(b), it is unlawful to commit a battery against a "present peace

5

officer, sheriff or police officer . . . [w]hile the victim is engaged in the performance of his duties and the person committing the offense knows or reasonably should know that such victim is a peace officer, sheriff or police officer." McGuire asserts the State failed to provide evidence that Officer Weaver was "legally obligated or bound to remove McGuire from the Crisis Center." McGuire points out that Officer Weaver testified that he was performing the duty of "enforc[ing] a trespass code." McGuire contends the State presented no evidence "regarding the policies and procedures of the Crisis Center" and "that anyone from the Crisis Center asked McGuire to leave the property." Therefore, McGuire asserts that the officers were not performing an official duty when they forcibly removed him from the Crisis Center.

This Court determined in *State v. Kelly*, 158 Idaho 862, 865, 353 P.3d 1096, 1099 (Ct. App. 2015), that I.C. § 18-915(3)(b) does not require that the officer be engaged in any specific duty--only that he be engaged in the performance of his duties. All the State had to prove was that the officer was performing his duty at the time he was struck and that the defendant knew or should have known he was an officer. *Kelly*, 158 Idaho at 865, 353 P.3d at 1099. Ultimately, this Court held that without question, an officer's duties include responding to calls for assistance and helping citizens. *Id*. at 866, 353 P.3d at 1100. This was further reiterated in *State v. Fields*, 168 Idaho 57, 479 P.3d 450 (Ct. App. 2020) when this Court stated, "[p]erforming an official duty includes a range of officer conduct. For example, an officer is performing an official duty if engaged in the community caretaking function when the battery occurs because '[w]ithout question, an officer's duties include responding to calls for assistance and helping citizens.'" *Id*. at 66, 479 P.3d at 459. McGuire's argument that an officer must be "legally obligated or bound" to be doing the exact task he or she is doing when battered has, thus, been addressed by this Court. Whether the officers were "legally obligated or bound" to remove McGuire from the clinic is not determinative. In *Fields*, the Court refused to adopt a narrow definition of "duty" such as McGuire is proposing. *Fields*, 168 Idaho at 66-67, 479 P.3d at 459-60 (holding that an officer is performing his duty by escorting combative person to a vehicle). Instead, the Court favored a broader definition that would include acts like investigation of a dispatch referral. *Id*. at 67, 479 P.3d at 460. Here, the officers were dispatched to the Crisis Center because of McGuire (the Crisis Center called for police for a reason).

McGuire essentially argues that all of the elements of the crime of trespass must have been present and proven in order for the officers to have been engaged in the performance of an official

duty. The Idaho Supreme Court has determined that an individual may not use force to resist an arrest by one he knows or has good reason to believe is an authorized peace officer in the performance of his duties. *State v. Richardson*, 95 Idaho 446, 451, 511 P.2d 263, 268 (1973). If a person has reasonable ground to believe he is being arrested by a peace officer, it is his duty to refrain from using force or any weapon in resisting arrest *regardless of whether or not there is a legal basis* for the arrest. *State v. Lusby*, 146 Idaho 506, 509, 198 P.3d 735, 738 (Ct. App. 2008). McGuire's contention that the State failed to prove that he was in fact trespassing is irrelevant. McGuire had good reason to believe that the officers were performing their duty when they relayed his options to fill out the admission paperwork or leave. These were the same officers that had taken him to the hospital earlier that night for medical clearance and that had dropped him off at the Crisis Center. Sufficient evidence exists to sustain McGuire's conviction for battery on a law enforcement officer.

McGuire also contends there was insufficient evidence to establish he was guilty of resisting or obstructing an officer. According to I.C. § 18-705, "[e]very person who wilfully resists, delays or obstructs any public officer, in the discharge, or attempt to discharge, of any duty of his office" is guilty of resisting or obstructing an officer. In Jury Instruction No. 22, the district court told the jury:

> In order to show that the offense of Resisting Delaying or Obstructing a Public Officer was committed "willfully," the state must prove that the defendant knew:
> (1)    that the person the defendant resisted, delayed, or obstructed was a public officer; and
> (2)    that the public officer was attempting to perform, or was engaged in the performance of, some official duty.
> The word "duty" includes only the lawful and authorized acts of a public officer.

As discussed, the officers were engaged in the performance of their duties when they responded to the Crisis Center call for assistance with McGuire and in removing him from the facility when he refused to fill out the admission paperwork or leave the Crisis Center. McGuire concedes that the officers were engaged in the performance of a duty when they responded to the Crisis Center regarding McGuire, but he asserts that they were not performing a duty when they forcibly removed McGuire from the Crisis Center. However, as discussed above, McGuire's assertions regarding what constitutes a duty and whether the officers were performing their duty is narrower than the statute of the case law provides. There is substantial evidence for the jury to conclude that McGuire was guilty of resisting or obstructing an officer.

7

## IV.

## CONCLUSION

The district court did not err in denying McGuire's motion for mistrial based on prosecutorial misconduct. Further, the evidence is sufficient to sustain McGuire's conviction for battery on a law enforcement officer and resisting or obstructing an officer. Accordingly, McGuire's judgment of conviction and sentences are affirmed.

Judge HUSKEY and Judge TRIBE **CONCUR**.