# IN THE COURT OF APPEALS OF THE STATE OF IDAHO

## Docket No. 50360

| | | |
|---|---|---|
| STATE OF IDAHO, | ) | |
| | ) | **Filed: November 4, 2024** |
| Plaintiff-Respondent, | ) | |
| | ) | **Melanie Gagnepain, Clerk** |
| v. | ) | |
| | ) | **THIS IS AN UNPUBLISHED** |
| HERMAN GOVAN, | ) | **OPINION AND SHALL NOT** |
| | ) | **BE CITED AS AUTHORITY** |
| Defendant-Appellant. | ) | |
| | ) | |

Appeal from the District Court of the Sixth Judicial District, State of Idaho, Bannock County. Hon. Javier L. Gabiola, District Judge.

Judgment of conviction for domestic battery with traumatic injury, <u>affirmed</u>.

Erik R. Lehtinen, State Appellate Public Defender; Elizabeth A. Allred, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Raúl R. Labrador, Attorney General; Amy J. Lavin, Deputy Attorney General, Boise, for respondent.

_____

HUSKEY, Judge

Herman Govan appeals from his judgment of conviction for domestic battery with traumatic injury, arguing the district court erred in denying his request to provide a self-defense instruction to the jury. Govan argues he was only required to present some evidence that would support the self-defense instruction, and he did so; thus, the district court erred in denying his request for the self-defense jury instruction to be given. In addition, Govan argues that during the trial sufficient facts were presented from which the district court could reasonably infer that Govan believed he was in fear of imminent danger such that the self-defense instruction was warranted. The State argues that Govan failed to provide any evidence that he reasonably believed he was in fear of imminent bodily harm and, therefore, was not entitled to the instruction. For the following reasons, we affirm.

1

# I.

## FACTUAL AND PROCEDURAL BACKGROUND

Govan was charged with felony domestic battery with traumatic injury, Idaho Code §§ 18-903, -918(2), and a persistent violator enhancement, I.C. § 19-2514. The case proceeded to a jury trial where several witnesses testified. The victim, Y.T., testified that she and Govan were in a romantic relationship and one night she and Govan got into an argument. Y.T. had been drinking, was yelling at Govan, and was throwing craft supplies around the room but not at Govan. Y.T. testified that at some point, she gut-punched Govan and because of her alcohol consumption, it was not until later that she recalled that she had been hit. Y.T. stated that she called the police that evening. Police officers arrived at the scene and talked with Govan and Y.T. The officers observed that Y.T. had a bloody split lip. An officer that spoke with Govan testified that Govan stated Y.T. "kind of" hit him in the abdominal area with the back of her hand and he then punched her in the face with a closed fist. The officer testified that Govan told the officer he has PTSD and he "reacted" to Y.T.'s actions. Govan did not testify.

Govan submitted a proposed self-defense jury instruction. After hearing arguments from each party, the district court declined to provide the instruction to the jury, finding Govan had not demonstrated he was in fear of imminent danger of bodily harm. Govan moved the district court to reconsider, arguing that he was only required to show there was evidence of "some level of bodily harm." The district court denied the motion. The jury found Govan guilty of domestic battery with traumatic injury. After the guilty verdict, the State withdrew the persistent violator enhancement. The district court imposed a unified sentence of five years, with three years determinate, suspended the sentence, and placed Govan on a term of probation for five years. Govan appeals.

## II.

## STANDARD OF REVIEW

Whether the jury has been properly instructed is a question of law over which we exercise free review. *State v. Severson*, 147 Idaho 694, 710, 215 P.3d 414, 430 (2009). When reviewing jury instructions, we ask whether the instructions as a whole, and not individually, fairly and accurately reflect applicable law. *State v. Bowman*, 124 Idaho 936, 942, 866 P.2d 193, 199 (Ct. App. 1993). "[T]he standard of review of whether a jury instruction should or should not have been given is whether there is evidence at trial to support the instruction, and whether the

2

instruction is a correct statement of the law." *State v. Paulson*, 169 Idaho 672, 675, 501 P.3d 873, 876 (2022) (quoting *Mackay v. Four Rivers Packing Co.*, 151 Idaho 388, 391, 257 P. 3d 755, 758 (2011).

## III.

## ANALYSIS

Govan argues the district court erred by denying his request to include the self-defense jury instruction. Govan argues he provided "some supportive evidence" of the self-defense theory and, therefore, the requested instruction should have been given to the jury. Govan argues that the victim's own testimony supports an inference that he was in fear of imminent bodily harm. The State contends Govan failed to demonstrate he was entitled to a self-defense instruction, and it was therefore properly denied. Further, even if the failure to give the instruction was error, the State argues it was harmless.

"Jury instructions, when considered as a whole, are meant to fairly and adequately present the issues and state the applicable law." *State v. Medina*, 165 Idaho 501, 508, 447 P.3d 949, 956 (2019). "A trial court is under the duty to instruct upon *every reasonable theory* of the litigants that is recognized by law as presenting a basis of a claim of relief or a defense thereto, where such theory finds support in the pleadings and the evidence." *Paulson*, 169 Idaho at 677, 501 P.3d at 878 (internal citations omitted). A trial court should give a requested instruction where: (1) it properly states the governing law; (2) a reasonable view of the evidence would support the defendant's legal theory; (3) it is not addressed adequately by other jury instructions; and (4) it does not constitute an impermissible comment as to the evidence. *State v. Kelly*, 158 Idaho 862, 867, 353 P.3d 1096, 1101 (Ct. App. 2015). However, a trial court need not deliver an instruction if "it is either erroneous in its statement of the law, is not supported by the evidence, constitutes an impermissible comment on the evidence, or is adequately covered by other instructions given by the court." *State v. Lemmons*, 158 Idaho 971, 976, 354 P.3d 1186, 1191 (2015). "In other words, a defendant must present facts to support each element of a prima facie case for each defense." *Kelly*, 158 Idaho at 867, 353 P.3d at 1101. "If the defendant fails to provide evidence supporting any one of the necessary elements of a defense, the defendant has failed to meet his or her burden and is not entitled to have the jury instructed on that defense." *Id.*

Self-defense is a recognized affirmative defense in Idaho. *See State v. Woodward*, 58 Idaho 385, 394, 74 P.2d 92, 96 (1937) (holding lawful resistance to commission of public offense

may be made by party about to be injured).  Idaho Code § 19-201 states lawful resistance to the commission of a public offense may be made by the party about to be injured and I.C. § 19-202(1) permits a party to use resistance sufficient to prevent the offense in order to prevent an offense against his person, or his family, or some member thereof.  Idaho Criminal Jury Instruction 1517 lists the elements of self-defense:  (1) the defendant must have believed that the defendant was in imminent danger of bodily harm; (2) the defendant must have believed that the action the defendant took was necessary to save the defendant from the danger presented; (3) a reasonable person, under similar circumstances, would have believed that the defendant was in imminent danger of bodily injury and believed that the action taken was necessary; and (4) the defendant must have acted only in response to that danger and not for some other motivation.  "The burden of production is on the defendant (who must raise self-defense) to make a prima facie defense." *Kelly*, 158 Idaho at 867, 353 P.3d at 1101.

The district court found Govan failed to establish the first element for a self-defense instruction--that he acted out of fear of imminent bodily harm.  The district court looked to *Kelly* in analyzing how I.C.J.I. 1517 is applied and found this Court was clear in articulating that it is the defendant's burden to meet all the elements of the instruction.  The district court analyzed the testimony and argument and found that Govan hit Y.T. as a reaction or reflex, not out of a fear of bodily harm, stating:

> [Y]ou stated that the victim punched the defendant, he reacted, and he punched her back.  So the issue is did the defendant provide evidence that he believed he was in imminent danger of bodily harm?  Again, it's in the Court's estimation that that does not rise to the level of the defendant believing he was in imminent danger of bodily harm, and only shows that he reacted to what the victim did.
>
> Further and moreover, there's been no evidence provided by the defense as to how the defendant believed he was in imminent danger of bodily harm.  The Court does not find that the victim punching him, and he reacted and punched her back to be substantive as to establishing, again, whether the defendant reasonably believed--or believed that he was in imminent danger of bodily harm.  Therefore, again, it is the defendant's burden to establish a prima facie showing as to the elements of the self-defense, and the Court finds the defendant has failed to meet that burden, and therefore will not give the proposed self-defense instruction to the jury.

Govan argues that his fear of imminent bodily harm can be inferred from the evidence presented.  We disagree.  There was evidence presented that Y.T. was intoxicated, she threw items around the room but not at Govan, and then, according to Govan, she struck Govan with the back of her hand in his abdomen; Govan "reacted" and punched Y.T. in the face with a closed fist.  An

officer testified that Govan explained that he reacted this way because he suffered from PTSD. These circumstances, even when taken together, do not create a prima facie showing that Govan was in fear of imminent bodily harm. Govan made no statements and presented no evidence that his reaction was because he feared imminent bodily harm from either the general circumstances or Y.T.'s specific behavior.

Moreover, we need not infer the reason for Govan's behavior because Govan explicitly identified the reason: he punched Y.T. because he reacted based on his PTSD, not that he believed he was in imminent danger of bodily harm. But even if we set aside Govan's statements explaining his reaction, nothing in the evidence presented permits a *reasonable* inference that Govan's reaction was because he was in fear of imminent bodily harm. Thus, because Govan failed to provide evidence supporting the first element of self-defense, he failed to meet his evidentiary burden to show that he was entitled to have the jury instructed on self-defense.

Govan did not make a prima facie showing that he reasonably believed he was in imminent danger of bodily harm. Therefore, the district court did not err in denying the self-defense instruction.

## IV.
## CONCLUSION

Govan failed to meet his burden establishing a prima facie showing to warrant a self-defense instruction, thus, the district court did not err in denying his request. We affirm Govan's judgment of conviction for felony domestic battery with traumatic injury.

Chief Judge GRATTON and Judge TRIBE **CONCUR**.